THE COTTON STATES LIFE INSURANCE COMPANY, plaintiff in error, *vs.* ELLA W. SCURRY *et al.*, defendants in error.

Where an applicant for life insurance signs an application for a policy which contains a statement that "only the home officers of the company, in Macon, Georgia, have authority to determine whether or not a policy shall issue on application," and the agent through whom the the application is made, gives a receipt to the applicant as follows: "Received of James R. Scurry $375 00, the same being in payment of insurance in the Cotton States Insurance Company. This receipt being binding on said company until the policy is received." Such contract or receipt is not binding on the company to issue a policy, nor is the company bound by the receipt after the application is rejected. Whether it is binding on the company until action is had by the company on the application, is a question that does not arise under the facts of this case.

Insurance. Principal and agent. Before Judge STROZIER. Dougherty Superior Court. April Term, 1873.

The Cotton States Life Insurance Company *vs.* Scurry *et al.*

This was an action brought by Ella W. Scurry, and others, widow and children of James R. Scurry, deceased, on a contract of insurance alleged to have been made by the Cotton States Life Insurance Company for $10,000 00 on the joint lives of James R. Scurry and his wife Ella, and payable on the death of either.

The defendant resisted the recovery on two grounds :

1st. That no contract of insurance was ever made. That only an application was made through an agent, and which was rejected by the company.

2d. That a material false representation was made in the application, which voids the contract, if made.

The second point is not involved in the decision. On the first point the following are the facts :

On the 6th day of September, 1871, Scurry and his wife made application, through J. S. Rains, an agent of the company, for the policy. They were strangers to Mr. Rains. The agent furnished Scurry with blank applications to be filled out. The applications were filled out, one by Mr. Scurry and one by Mrs. Ella W. Scurry, and were forwarded by the agent to the company at Macon, and were rejected. They contained a recital to the effect that "only the officers at the home office of the company, in the city of Macon, Georgia, have authority to determine whether or not a policy shall issue on any application."

Mr. Rains notified Mr. Scurry of the rejection by the company of the application for a joint policy for $10,000 00, but said he thought he could induce the company to issue a joint policy for $5,000 00. Mr. Scurry said "he would see about it—he wanted a policy for $10,000 00," and did not say he would accept one for $5,000 00, but would let him know if he concluded to take it. Mr. Rains, however, supposing he might accept one for $5,000 00, so suggested to his principal, the company, who did issue a joint policy for $5,000 00, and sent it to Mr. Rains. Mr. Rains did call to see Mr. Scurry to offer this policy for $5,000 00, but found him drunk, un-

able to do business, and said nothing to him about it, but returned the policy to the company, on which was indorsed by the Secretary of the company : " Canceled—returned rejected by the applicant." This last policy was dated the 15th day of September, 1871. James R. Scurry died on the 25th day of September, 1871. When the first application was made out on the 6th day of September, Scurry did not pay any money, but gave his note to Mr. Rains, and received from him a receipt as follows :

" $375 50. Received of James R. Scurry three hundred and seventy-five dollars, same being in payment of insurance in Cotton States Insurance Company. This receipt being binding on said company until the policy is received.

  (Signed)      " J. S. RAINS, Agent
    " Cotton States Life Insurance Company of Macon, Ga.
"Baker County, Georgia, September 6, 1871."

The Court, amongst other things, charged the jury as follows : " That when an agent was authorized to take applications of parties for insurance, and receive and forward premiums for the company, and an agent does so, and gives a binding receipt when he receives said applications and premiums, then the company is bound for the insurance, whether the policy is ever issued or delivered or not, and such binding act is within the scope of his authority, and the same is a contract of insurance."

Counsel for defendants requested the Court to charge the jury : " That if, after the application of Scurry and wife had been considered and rejected by the defendants, and notice thereof given to Scurry with an offer to return his premium note, he consented to return the binding receipt, then plaintiffs cannot recover on said binding receipt, notwithstanding Scurry died with said paper in his possession."

The Court so charged with this qualification, " This is the law, provided the contract was inchoate and not executed. If the contract was executed, it was the right of Scurry to reject or accept the refusal of the company."

The Cotton States Life Insurance Company *vs.* Scurry *et al.*

The jury returned a verdict for the plaintiffs for $10,000. A motion for a new trial was made upon the ground of error in the above charge, and in the qualification of the request to charge, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

B. H. HILL & SON; SMITH & JONES; G. J. WRIGHT, for plaintiff in error.

VASON & DAVIS; A. L. HAWES; R. F. LYON, for defendants.

TRIPPE, Judge.

Each of the applications, the one made by Scurry as well as the one by his wife, contains the statement that " only the home officers of the company in Macon, Georgia, have authority to determine whether or not a policy shall issue on application." Both of these applications were signed by the applicants respectively. The receipt given by the agent recited that it was binding on the company until the policy was received. Defendant in error insists that this bound the company to issue the policy. The question, therefore, is not what force the receipt had to the time of action on the application by the company; for the application was rejected, a policy refused, and notice thereof given to the applicant. Did the company have the right to reject the application under the terms stated in it, and the terms of the receipt? If a party sign a paper, the presumption of law is that he knows the contract, and of course that he has notice of the facts recited in it. The application in this case contained that which, in its legal effect and substance, was, that an agent did not have power to issue a policy or to determine and bind the company that one should be issued. It was " only the home officers of the company at Macon, Georgia, have authority to determine whether or not a policy shall issue." Even had the receipt

stipulated, in terms, that the applicant should have a policy, it would have been in the teeth of the denial of such power to him, and with notice of such express denial to the person thus contracting with the agent. A principal is not bound by the acts of his agent when those acts are beyond the scope of his authority, and the person dealing has notice thereof: New Code, sections 2184, 2194, 2196. This rule, we think, determines this case, without discussing the principles touching the powers, generally, of agents of insurance companies, of general agents, and special agents, agents to issue policies and agents to receive applications, and how those powers have been, in many decisions and by elementary writers, held to apply differently in cases of fire and life insurances.

It has been asserted by an able writer, supported by the authority of several judicial decisions, that " the usage is so general that an agent of a life insurance company has no authority to conclude an agreement for insurance, that if such authority is claimed in a particular case there should be affirmative evidence of such authority, or of its repeated exercise with the knowledge of the company :" Bliss on Insurance, section 280. Where the authority claimed is expressly denied, and the person dealing with the agent has notice, there can be no question that the principal is not bound. If the agent had no power to bind the company to issue a policy, the fact that the applicant, knowing the want of such power, gave a note for the first annual premium to the agent, cannot alter the case : St. Louis Mutual Life Insurance Company *vs.* Kennedy, 4 Bush., 450. In that case it was held that the note was a memorandum only and not a waiver of a condition precedent. To hold that a note thus given enlarges the *powers* of the agent and conferred upon him *authority* expressly withheld by the company, would make the agent and a third person thus dealing with him, the arbiters of what an agent's powers shall be. It may be proper to add that this action was not founded on the policy for $5,000 00, which was issued subsequent to the rejection of the application for $10,000 00, and notice of which was given to the applicant.

The charge of the Court being in conflict with what we doubt not is the law as above stated, the judgment refusing a new trial is reversed.