## MECHANICS & TRADERS INSURANCE CO. v. MUTUAL REAL ESTATE & BLG. ASSOCIATION.

1. Where a policy of fire insurance contained stipulations or conditions reciting that unless such and such things were true the policy was to be void, and the declaration in an action thereon showed affirmatively that one or more of these things was not true, it was demurrable, but was saved by an amendment alleging in substance that the company's agent by whom the policy was delivered to the insured knew at and before the time of making the delivery all the facts to which such stipulations or conditions related, and that consequently the company waived the benefit of the same. In such case it was of course incumbent upon the plaintiff to prove the waiver as alleged.

2. Where a general agent of an insurance company, by a writing duly executed and attached to a policy, continued it in force after the date originally fixed for its expiration, but extended credit to the insured for the payment of the renewal premium and charged himself therewith, the renewal was as binding upon the company as if such premium had been paid to the agent in cash.

3. The defendant having filed a plea admitting its liability to the plaintiff on the policy sued upon, in an amount stated, in which plea it averred that it had tendered this amount to the plaintiff before the action was brought, and also that "it was, at the time of said tender, and has been always since that time, ready to pay the sum aforesaid, and has said sum now in court to render to the plaintiff," and having supported this plea by introducing evidence showing that, after the loss and before suit, the company, upon a full and thorough investigation, deliberately, explicitly and unconditionally admitted such liability and made such tender, the jury were warranted in treating such plea and evidence as sufficient proof of the waiver alleged in the amendment to the declaration.

4. This being so, and the only remaining question at issue, under the evidence and the law applicable, being what was the value of the insurable interest of the insured in the property, and there being sufficient evidence to sustain the verdict as to amount, and it appearing that no material error was committed at the trial, and also that there has been a previous finding in favor of the plaintiff, who was the assignee of the insured, this court cannot undertake to say that the trial judge abused his discretion in refusing to grant a second new trial.

March 30, 1896. Argued at the last term.

Action on insurance policy. Before J. R. Lamar, judge *pro hac vice.* City court of Richmond county. May term, 1895.

*Frank H. Miller* and *William K. Miller*, by *Harrison & Peeples*, for plaintiff in error.

*J. S. & W. T. Davidson,* contra.

SIMMONS, Chief Justice.

The Mutual Real Estate and Building Association sued the Mechanics and Traders Insurance Company of New Orleans, alleging that the defendant was indebted to it in the sum of $1,875 upon a certain fire insurance policy. It appeared from the declaration, that the policy was issued by the defendant on October 6, 1891, to P. J. Skinner, for $2,000, on property described as "his one-story frame shingle-roof dwelling-house," located at a place named, "in course of construction," that Skinner was a contractor and was erecting the building upon a lot belonging to the plaintiff, and under a contract with one Bigelow, who, upon the completion of the building, expected to receive from the plaintiff a bond for titles for the property, and to pay for the house by installments according to the method adopted by the plaintiff in providing for the purchase and building of homes for its patrons; that the policy was originally issued to expire December 5, 1891, and was renewed and extended in writing to January 6, 1892; that on December 13, 1891, the house, then almost completed, was totally destroyed by fire from some cause unknown to the plaintiff or to Skinner;

that the house was of the value of $2,500, and the loss total; and that on December 15, 1891, Skinner, the owner of the policy, being largely indebted to the plaintiff for money advanced to and used by him for the purchase of material, etc., in the building, transferred the policy to the plaintiff in writing. The declaration also alleged that the requirements of the policy as to furnishing proof of loss, etc., had been complied with. The policy, a copy of which was attached to the declaration, stipulated that it should be void if the insured had concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof, or if the interest of the insured in the property was not truly stated in the policy, and that the policy, unless otherwise provided by agreement indorsed thereon or added thereto, should be void if the interest of the insured was other than unconditional and sole ownership, or if the subject of the insurance was a building on ground not owned by the insured in fee simple.

The defendant demurred generally to the declaration as not setting forth a cause of action, and demurred also on special grounds, the main ground insisted upon being that the declaration did not show that the interest of the assured at the time of taking out the insurance was no other than unconditional and sole ownership of the property, and that the declaration showed on its face that the subject of the insurance was a building on ground not owned by the assured in fee simple. By an amendment to the declaration the plaintiff alleged that at and before the issuing of the policy, and also before it was renewed, the defendant had full notice that Skinner was only a contractor and that he had no interest in the land or in the house in course of construction except that of a contractor and builder; that the policy was issued and also renewed for the purpose of covering a contractor's or builder's risk; that the agents of the company, before the issuing of the policy, went them-

selves and examined the premises and had full knowledge of all the facts, and at the time of renewing the policy also had full knowledge of all the facts, and intended to cover the interest of Skinner in the premises as a contractor and builder; that the agents of the defendant themselves did the writing, and assured Skinner at the time, that the policy as originally issued and as extended and renewed was ample and sufficient to cover the interest of Skinner in the premises as a contractor and builder. It was further alleged that the interest of Skinner in the building at the time of the fire was equal to more than $1,875.

The defendant insisted upon its demurrer to the declaration, but the court overruled the demurrer, and to this ruling the defendant excepted.

1. Stipulations and conditions in a policy of insurance such as those above stated are binding upon the insured, and call for a disclosure on his part as to the matters to which they refer; and if he accepts the policy without making such disclosure, the policy will be void. See Richards, Insurance, §136; Lasher v. Ins. Co., 86 N. Y. 423, 426; Waller v. Northern Assurance Co., 10 Fed. Rep. 232; Syndicate Ins. Co. v. Bohn, 65 Fed. Rep. 171, 27 Lawy. Rep. Annot. 608, and cases cited; Diffenbaugh v. Ins. Co., 150 Pa. St. 270; Mers v. Insurance Co., 68 Mo. 127; Collins v. Ins. Co., 44 Minn. 440; Weed v. Ins. Co., 116 N. Y. 106; Waller v. Assurance Co., 64 Iowa, 101; McFetridge v. Ins. Co., 84 Wis. 200; Liberty Ins. Co. v. Boulden, 96 Ala. 508. The declaration as it originally stood was therefore demurrable, it appearing therefrom that the subject of the insurance was a building on ground not owned by the insured in fee simple, and it not appearing, either from the policy itself or from any allegation in the declaration, that this fact was known to the insurance company or that the conditions of the policy touching the ownership of the property had been waived. This, however, was cured by the amendment. It is well settled that where an agent who is author-

ized to issue and deliver policies in behalf of an insurance
company, issues and delivers a policy with knowledge of the
true state of the title, the knowledge of the agent is the
knowledge of the company, and the delivery of the policy
with such knowledge amounts to a waiver of conditions re-
lating to the existing state of the title. "Conditions which
enter into the validity of a contract of insurance at its in-
ception may be waived by the agent, and are waived if so
intended, although they remain in the policy when de-
livered;" and limitations therein upon the authority of the
agent to waive such conditions otherwise than in writing
attached to or indorsed upon the policy, are treated as refer-
ring to waivers made subsequently to the issuance of the
policy. See 1 May on Insurance, §143, and authorities
cited. In the present case, according to the allegations of
the declaration, the person to whom the policy was issued
had an insurable interest in the subject of the insurance.
A builder constructing a house on contract has the property
in the house until it is delivered, or at least until it is ready
for delivery and approved, and he may insure the building.
1 May on Insurance, §95a. The policy was therefore valid
if, as alleged by the plaintiffs in their amendment to the
declaration, the defendant or its agents who issued the
policy had, at the time it was issued, full knowledge of all
the facts relating to the interest of the insured in the
premises.

2. It appeared from the evidence, that the policy was
renewed on December 6th by the agents who had originally
issued it, and that they did not then collect the premium,
but, as had been frequently done by them in other instances,
extended credit therefor to the insured and accounted for it
to the insurance company, charging themselves with the
amount due as if the same had been collected. The fire
occurred on the 13th of the same month, and on the 21st the
insured paid the premium to the agents, who gave him a re-
ceipt for it and transmitted the money to their principal.

It was contended on the part of the insurance company that the agents had no authority to grant a renewal without prepayment of the premium, and that the premium not having been paid before the loss occurred, the renewal did not become effectual. The policy does not contain any stipulation making prepayment of the premium a condition precedent. It says that "it may by a renewal be continued under the original stipulations, in consideration of premium for the renewed term," but says nothing as to when the premium shall be paid. There is no·evidence whatever that the insured had notice of any limitation upon the authority of the agents ·as to the extension of credit for the amount of the premium. Moreover it is held, that even where the policy contains a stipulation requiring prepayment, the stipulation is waived where the policy is delivered and credit for the premium extended by a general agent with authority to issue and deliver policies. ·Richards, Ins. §§93, 95; 11 Am. & Eng. Enc. of Law, Ins., 333, and cases cited; Ball v. Sage Wagon Co., 20 Fed. Rep. 232; Newark Machine Co. v. Kenton Ins. Co. (Ohio), 23 Ins. Law Journal, 354; Lebanon Mutual Ins. Co. v. Humes, 16 Ins. Law J. 882, 8 Atl. (Pa.) 163. It appears in the present case that the agents who dealt with the insured were general agents, having authority to issue and deliver policies and renewals thereof. The company represented by them was therefore as much bound by the renewal as if the premium had been paid.

3. The plaintiff having by its amendment to the declaration alleged a waiver of the conditions of the policy as to title, etc., it was incumbent upon it to prove the same. There was no direct proof of the facts alleged as constituting a waiver, but it appears from the evidence that the defendant, in its dealings with the plaintiff after the loss, treated the policy as valid and objected merely to the amount of the plaintiff's claim. It filed a plea admitting its liability on the policy in an amount stated, and averred that it had tendered this amount to the plaintiff before the action was

brought, and that "it was at the time of said tender and has always been since that time ready to pay the sum aforesaid, and has said sum now in court ready to render to the plaintiff;" and at the trial it introduced in evidence a letter, written after the loss and before suit, and after a full and thorough investigation, in which it explicitly and unconditionally admitted such liability and made a tender of the amount admitted to be due. Whether this of itself amounted to a waiver or not, the jury could treat it as evidence tending to show that the company had made such a waiver as alleged by the plaintiff.

4. The only remaining question at issue, under the evidence and the law applicable, being what was the value of the insurable interest of the insured in the property, and there being sufficient evidence to sustain the verdict as to amount, and it appearing that no material error was committed at the trial, and also that there had been a previous finding in favor of the plaintiff, this court cannot say that the court below abused its discretion in refusing to grant a new trial.            *Judgment affirmed.*