## ATHENS MUTUAL INSURANCE CO. *v.* LEDFORD & SON.

1. Knowledge by one employed as a solicitor of fire insurance, who delivered the policy of insurance to the insured and received the premiums, of material facts relative to the state of the title and the use to which the property was put at the time of the issuance of the policy, is imputable to the company; and knowledge of the state of the title to the property, although it appears that the interest of the insured was other than "unconditional and sole ownership," will estop the company from setting up a defense based upon a provision in the policy that it should be void if the interest of the insured be "other than unconditional and sole ownership."

2. Even if the charge of the court complained of, laying down certain rules whereby the agency of an alleged agent of an insurance company might be tested, was not the correct rule under the facts in the case, yet where the judge in his charge, in submitting to the jury the question as to whether certain material alterations in the policy sued on were made by one authorized to make them, instructed the jury that the person whose agency, relatively to any authority to make such alterations, was challenged, was without authority to make them, and that the policy was not binding upon the company unless they were made by a named individual who was admittedly the agent of the company and had the authority to make such alterations, or by direction of the latter, the company was not harmed by the charge complained of.

MAY 11, 1910.

Action upon insurance policy. Before Judge Ellis. Fulton superior court. February 6, 1909.

R. H. Ledford & Son brought suit against the plaintiff in error upon a policy of fire insurance, attaching a copy of the policy to their petition. The company in its answer admitted having issued a policy to R. H. Ledford individually, similar to the one sued on, except that in the policy so issued it was stated that Ledford was the owner of the premises described therein, whereas petitioners alleged that they merely held a bond for title to the property. The company pleaded that it had never issued any policy to R. H. Ledford & Son, and that if the words "& Son" now appear in the policy after the name of R. H. Ledford, they were inserted after the policy was issued and by some one not authorized by the company to make such alteration. The company also contended that in the policy which it issued it was stated that the building was occupied by Ledford for feed, for hitching, and for storing vehicles, whereas in fact it was occupied as a livery-stable and a barber-shop and by a dealer in soft drinks. The company further defended upon the ground that the policy contained a provision that it should be void if the interest of the insured "be other than unconditional and sole ownership," or "if the subject of the insurance be a building on ground not owned by the insured in fee simple."

Upon the trial R. H. Ledford testified, that one Morgan solicited him to take out insurance on the building in question, that he told Morgan that he did not own the property but that he and his son held a bond for title, and that Morgan stated that would make no difference and he would have the policy issued. Ledford told him to have it issued in favor of R. H. Ledford & Son. When Morgan afterwards brought the policy it was in favor of R. H. Ledford, who refused to pay for same, stating that his son had an equal interest in the property with him, and instructed that the policy be changed so as to read in favor of R. H. Ledford & Son. Morgan took the policy and in two or three days returned with it with the change so made, and Morgan said the words "& Son" were inserted with indelible pencil in Atlanta. Ledford took the policy and paid Morgan the premium. Ledford further testified that when Morgan was writing out the policy there was a barber-shop and cold-drink stand in the building, and a blacksmith-shop, and that Morgan saw them. Ledford had no dealings with any one except Morgan. The

secretary of the defendant company testified, that Morgan was not the company's agent; that he had no connection with the company; that N. C. Williams was the company's agent in Atlanta, and that he was authorized to issue such policies. Williams acknowledged that he himself was the company's agent in Atlanta, that he issued the policy in its original form as alleged, and that Morgan was a solicitor of insurance for him. He testified, that when he signed and sent out the policy it did not contain the words "& Son;" that he did not authorize any one to make that addition and did not know it had been made, and had never made any report of such change to the company; that the words "& Son" looked like Morgan's handwriting. In rebuttal the plaintiffs introduced evidence to the effect that Williams had acknowledged, after fire occurred, that the change in the policy by the insertion of the words "& Son" was made by Morgan at the direction of Williams. The jury found for the plaintiffs, and the company excepted to the refusal of a new trial.

*T. S. Mell* and *Tye, Peeples & Jordan,* for plaintiff in error.

*Howard & Bolding* and *Westmoreland Brothers,* contra.

BECK, J. (After stating the foregoing facts.)

1. The policy sued on contained certain clauses providing that it should be void if the interest of the insured "be other than unconditional and sole ownership," or "if the subject of the insurance be a building on ground not owned by the insured in fee simple," and that in any matter relating to the insurance "no person, unless duly authorized in writing, shall be deemed the agent of this company." And it was further provided in the policy that no officer, agent, or other representative of the company should have power to waive any provision or condition of the policy, except such as by its terms might be the subject of agreement endorsed thereon or added thereto, unless such waiver were in writing attached to the policy. Under the evidence in the case the insured, who were in possession of the property insured, held the same under a bond for title at the time of the issuance of the policy, but did not have such ownership as that required by the terms of the policy; and the defendant company insists that by reason of the provisions in the policy quoted above the policy was void. The evidence in the case further shows that one Morgan solicited the insurance on the building in question, and that he was informed by

Ledford that the insured "did not own the property, only through a bond." I [Ledford] had a bond and would not own it until it was paid for, and the payment would not be due until the latter part of 1909. I told him I didn't have any deed for the property at all, and that I paid partial payments. I told him I didn't have deeds for it, and he said it would make no difference. I agreed to take the insurance for R. H. Ledford & Son. He was to issue the policy: He did not bring it with him then; he brought it back. When he brought it back I was to pay the premium. When he brought it back I told him it was just marked "R. H. Ledford," and I told him I would not pay the premium until it was made to R. H. Ledford & Son; that my son had as much interest in it as I had. He took it and kept it for two or three days, and brought it back with R. H. Ledford & Son added to it. He said it was done with an indelible pencil in Atlanta. When he brought the policy with the '&. Son' added to it, I paid him for the policy." The uncontradicted evidence in the case is that Morgan was a solicitor of insurance employed by the company or its agent, and in the course of his employment he delivered the policy in question and received the premium; though the evidence raises an issue as to whether the words "& Son" were in the policy when it was taken from the office of the company's agent in Atlanta, and as to whether these words were subsequently inserted. Under the ruling in the case of *Springfield Fire Insurance Co.* v. *Price,* 132 *Ga.* 687 (64 S. E. 1074), knowledge by Morgan that the insured did not own the building and the land upon which it was situated was notice to the company, and the latter will not be heard, in defending an action on the policy, to set up the non-compliance by the insured with the condition in the policy in reference to ownership of the property. In the case cited it was said, dealing with a defense in every way similar to the defense now under consideration, based upon provisions in the policy practically identical with those quoted from this policy: "The insurance company defends its refusal to pay the amount of damage done the property insured, because the buildings were upon. ground not owned by the insured. In *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92), it was held that 'Where a policy of fire insurance contained a stipulation that it should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple," but at the time the applica-

tion for insurance was made the company, through its agent, knew that the applicant did not own the land on which the building sought to be insured was situated, it will not be heard, in defense to an action on the policy, to set up the non-compliance of the plaintiff with this condition of the contract.' Restrictions inserted in the contract upon the power of the agent to waive any condition, unless done in a particular manner, do not apply to those conditions which relate to the inception of the contract, where it appears that the agent has delivered it, and received the premiums, with full knowledge of the actual situation. Wood v. American Fire Ins. Co., 149 N. Y. 382 (44 N. E. 80, 52 Am. St. R. 733) ; *Mechanics Ins. Co.* v. *Mutual Bldg. Assn.*, 98 *Ga.* 262 (25 S. E. 457) ; *Johnson* v. *Ætna Ins. Co.*, supra; 3 Cooley's Briefs on Ins. 2651."

Under the doctrine above laid down, the jury having found adversely to the company upon the issues raised as to the knowledge of the company, through its soliciting agent, of the state of the title to the property insured, that part of the defense of the company based upon want of title in the insured was met and overcome. And the same is true of the defense based upon the contention that the property was put to other uses than those set forth in the application for insurance.

2. But the insurance company contends that if Morgan was such an agent that his knowledge was notice to the company of the state of the title and the use to which the property was put at the time of the application and issuance of the policy, he was not such an agent as had authority to make a change of the persons to whom it was payable; and that as the policy when it left the office of the company's agent was payable, in case of loss, to R. H. Ledford, the insertion of the words "& Son" after the name of R. H. Ledford, whereby the policy was made payable to the firm of R. H. Ledford & Son, was unauthorized, even if made by Morgan, and vitiated the contract of insurance; and that it was error for the court to charge the jury, touching the question of agency, in the language of § 2054 of the Civil Code, as follows: "Any person who solicits in behalf of any insurance company, or agent of the same, incorporated by the laws of this or any other State or foreign government, or who takes or transmits, other than for himself, any application for insurance or any policy of insurance to or from such company, or agent of the same, or who advertises or other-

wise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk at any time, or receive or collect or transmit any premiums of insurance, or make or forward any diagram of any building or buildings, or do or perform any other act or thing in the making or consummating of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or in behalf of any such company, whether any of such acts shall be done at the instance or request or by the employment of such insurance company, or of, or by, any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken." It is insisted by the plaintiff in error that this charge was error, because, "as between the insurer and insured, in determining the liability of the insurer to the insured as to who is to be deemed agent of the insurer so as to bind the insurer by knowledge of such agent, or by the act of such agent, said charge is not applicable." As to whether this contention of counsel for plaintiff in error is sound or not, it is unnecessary to decide here; for, even if the charge quoted is an incorrect statement of the rule for determining the question of agency between the insured and the company, when we consider other portions of the charge the defendant was not harmed by this part of the court's instructions to the jury. As we have observed above, in a limited sense,—that is, in so far as to make knowledge by Morgan, of material facts relative to the ownership of the property and the uses for which it was employed at the date of the policy, notice to the company,— the latter was the company's agent; but when we come to consider the question of whether the change in the name of the policy-holder was made by a duly authorized agent or not, we find that the court below did not submit that question as one which could be answered in the affirmative in case the change had been made by Morgan,—and he was an agent of the company, under the definition of agency contained in the above extract from the charge. In submitting this last question to the jury the court required them to apply a stricter and more specific test, and one of which it would seem the plaintiff in error can scarcely complain; for, in submitting the question as to whether the words "& Son" were rightfully inserted after the name of R. H. Ledford in the policy, the court em-

ployed this language: "If Morgan was the solicitor of the agent of the company, and he took from the agent of the company a policy of fire insurance, with direction or authority to deliver it, and if he tendered it to the insured, and it was rejected, then he could not, without the consent of the company, acting by its proper officer or its agent, be authorized to make a material alteration in it; and if he made such alteration without authority, then it would void the policy, and the plaintiff could not recover. If Morgan returned the policy to Williams, the agent, and Williams by himself changed it, or Morgan by direction of the agent changed it, and the policy so changed was retendered to the insured and accepted by him, then the policy would be binding on the company." The only change or alteration in the policy to which this charge could have had reference was the insertion of the words "& Son" after the name of R. H. Ledford; and this charge made the validity of the policy, so far as the attack on that validity upon the ground of an alteration in the name of the insured is concerned, turn upon the question as to whether or not that alteration in the policy was made by Williams himself, who was unquestionably the agent of the company, or by Morgan at the direction of Williams; and under the evidence in the case the jury were authorized to find that the alteration, by the addition of the words "& Son" in the policy was at the direction of Williams.

3. The rulings made above are controlling in the case; and while certain other parts of the charge are excepted to, they relate to such immaterial questions that their inaptness can not be treated as harmful error requiring the grant of a new trial.

*Judgment affirmed. All the Justices concur.*