16730.   INTERSTATE· LIFE & ACCIDENT COMPANY *v.*
BESS.

1. Where an application for a policy of insurance is not attached thereto or referred to therein, it is not to be regarded as a part of the contract, and in such a case material statements or representations made by way of application will not void the policy, unless they be not only false but also fraudulent.  Civil Code (1910), § 2471; *Torbert* v. *Cherokee Ins. Co.,* 141 *Ga.* 773 (1) (82 S. E. 134) ; *Johnson* v. *American &c. Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731) ; *Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778, 786 (76 S. E. 91) ; *Fraternal Life & Accident Association* v. *Evans,* 140 *Ga.* 284 (2) (78 S. E. 915) ; *Southern Life Ins. Co.* v. *Logan,* 9 *Ga. App.* 503 (3) (71 S. E. 742) ; *Bankers Health &c. Ins. Co.*

v. *Murray,* 22 *Ga. App.* 495 (1) (96 S. E. 347); *Wilkins* v. *National Life & Accident Ins. Co.,* 23 *Ga. App.* 191 (2) (97 S. E. 879); *Life Ins. Co. of Virginia* v. *Pate,* 23 *Ga. App.* 232 (1) (97 S. E. 874); *Metropolitan Life Ins. Co.* v. *Shaw,* 30 *Ga. App.* 97 (117 S. E. 106). It follows that the court did not err in this case in charging the jury that a false statement made by the insured with respect to his age would not of itself void the contract.

2. Where limitations upon the authority of the agent who solicited the insured to enter into the contract were contained only in the policy itself, they are to be deemed as referring to matters occurring subsequently to the issuance of the policy, and do not apply to facts or conditions which were existing at the inception of the contract. In such a case the knowledge of the agent is the knowledge of the insurer, and if a policy is issued with knowledge by the agent of a fact or condition which by the terms of the contract would render it void, the insurer will be held to have waived the existence of such fact or condition, and the policy will not be voided thereby. *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92); *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (5) (64 S. E. 993); *Athens Mutual Ins. Co.* v. *Ledford,* 134 *Ga.* 500 (1) (68 S. E. 91); *Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778, 781 (76 S. E. 91); *Springfield Fire &c. Ins. Co.* v. *Price,* 132 *Ga.* 687 (2) (64 S. E. 1074); *Liverpool &c. Ins. Co.* v. *Georgia Auto &c. Co.,* 29 *Ga. App.* 334, 354 (115 S. E. 138).

3. But such waiver will not result unless either the company or some authorized agent had actual notice of the fact or condition in question. Constructive notice would not be sufficient for such purpose. The court therefore erred in charging the jury in effect that even though the statement by the insured with respect to his age was wilfully false, yet if his physical appearance suggested or indicated that the statement was not correct, it was the duty of the agent to make inquiry for the purpose of determining the truth and if he failed to do so and the insurance company accepted premiums until the death of the insured, the misstatement as to age would be waived and the contract would be binding. The evidence did not demand a finding that the agent actually knew of the falsity of the statement, and if he did not have such knowledge the insurer can not be held to a waiver merely because he could or should have known. *German &c. Life Association* v. *Farley,* 102 *Ga.* 720 (1) (29 S. E. 615); *Wiley* v. *Rome Ins. Co.,* 12 *Ga. App.* 186 (1) (76 S. E. 1067); *Plumer* v. *Continental Casualty Co.,* 12 *Ga. App.* 594 (2) (77 S. E. 917); *Liverpool &c. Ins. Co.* v. *Hughes,* 145 *Ga.* 716 (2) (89 S. E. 817); *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 517 (4) (123 S. E. 737). The error in the charge just referred to requires a new trial.

4. The court gave in charge § 2480 of the Civil Code (1910), as follows: "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representation of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." The insurer has complained that charging the second sentence of this section was error because there was no evidence to warrant it. Even if the insured may have made the statement as to his age on the representations of others, there

being no evidence that he so informed the insurer, the exception is well taken. But in view of the ruling made in the preceding paragraph, it is unnecessary to determine whether a new trial should result merely because this charge was inapplicable. See, in this connection, *Poland* v. *Osborne Lumber Co.*, 34 *Ga. App.* 105 (2) (128 S. E. 198); *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (1) (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *Bird* v. *Benton*, 127 *Ga.* 371 (4) (56 S. E. 450); *Dolvin* v. *American Harrow Co.*, 131 *Ga.* 300 (10) (62 S. E. 198); *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814). It would seem, however, that it would not be harmful to the insurer to give in charge a part or all of the above code section where the sole defense is actual fraud.

5. Because of the error pointed out in paragraph 3 above, the court erred in refusing a new trial.

DECIDED SEPTEMBER 18, 1926.

Appeal; from Decatur superior court—Judge Custer. July 28, 1925.

*Harrell & Custer,* for plaintiff in error.

*Erle M. Donalson,* contra.

BELL, J. This was an action by the beneficiary of an insurance policy in which it was stipulated that "In case of misstatement of age of the insured the company will only be liable for the amount payable according to its table at the proper age, and in the event the proper age exceeds the maximum age at which the company will grant policies, the policy shall be void." The insurer pleaded that it would not issue a policy of insurance upon the life of a person over 55 years of age; that the insured had declared his age to be 54 years, and that the contract was entered into on that basis, whereas he was over 70 years of age at the time; that the policy was procured by fraud and that there was no liability thereunder. If there was a written application, it was not attached to the policy or referred to therein. Limitations on the authority of the agent who represented the insurer in the negotiations which culminated in the contract appeared only in the policy, and were as follows: "No person except the president or secretary has the power on behalf of the company to make or modify this or any other contract of insurance, or, in the event of lapse, to reinstate this policy, or to extend the time of payment of any premium, and the company will not be bound by any promise, representation or action of other than the above." There was evidence which would have authorized the inference that the allegations of the defendant's plea were true. The jury found in favor of the plaintiff. The

defendant filed a motion for a new trial, which was overruled, and it excepted. Such of the special grounds of the motion for a new trial as would seem to require discussion are referred to in the headnotes. Since the application was not in writing and attached to the policy, the insurer could not defend upon the ground of material misrepresentations not amounting to actual fraud. The failure to make the application a part of the contract differentiates the case from such cases as *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 (1) (47 S. E. 940), where it was held that a material misrepresentation will avoid the policy, whether the statement was made in good faith or wilfully or fraudulently. Another fact which it is necessary to bear in mind in the instant case is in reference to the limitations upon the authority of the agent. Since they were contained only in the policy, they are not deemed to have reference to conditions which were existing at the inception of the contract. The case, therefore, falls within one of the classes which were excluded by the question which was before the Supreme Court in *New York Life Ins. Co.* v. *Palten,* 151 *Ga.* 185 (106 S. E. 183). See also *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469) ; *Puckett* v. *Metropolitan Life Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791). In a case like the present, if the agent had actual knowledge of the facts which by a stipulation in the contract would render it void, the insurer could not set up such facts as a defense. But before the knowledge of the agent could work a waiver on the part of his principal, the knowledge must have been actual. Constructive knowledge would not be sufficient for that purpose. The court charged the jury in effect that if the agent, by proper inquiry, could have ascertained the truth, his principal would be held to have waived any fraud on the part of the insured. Since the evidence did not demand a finding that the agent had actual knowledge, the charge was error. If the agent did not actually know of the fraud, the defendant would not be bound merely because the agent ought to have known thereof. As to the materiality of a misstatement as to age, see *Johnson* v. *American &c. Ins. Co.,* 134 *Ga.* 800 (6) (68 S. E. 731) ; *Maddox* v. *Southern Mutual Life Ins. Asso.,* 6 *Ga. App.* 681, 684 (65 S. E. 789). It is unnecessary to add anything further to what is said in the headnotes. The court erred in refusing a new trial.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., concurs in the judgment.*