22842. PENINSULAR CASUALTY COMPANY *v.* McCLOUD.

BROYLES, C. J. 1. A special ground of the motion for a new trial complains of the exclusion of certain documentary evidence, but the evidence is not sufficiently set forth in the ground nor attached as an exhibit thereto. It follows, under repeated rulings of the Supreme Court and of this court, that the ground is not in proper form for consideration.

2. The remaining special grounds of the motion are merely elaborations of the general grounds.

3. "If after a policy of insurance has been issued, knowledge be brought home to the insurer that certain statements material to the risk, made by the assured to procure insurance, are untrue, but which were by him warranted to be true, and notwithstanding such knowledge the insurer thereafter receives the premiums in accordance with the terms of the policy he will, after loss, be held to have waived any forfeiture which might otherwise result from such breach of warranty, and would be thereafter estopped to deny the validity of the policy." *German American Mutual Life Asso.* v. *Farley,* 102 *Ga.* 720 (3), 742 (29 S. E. 615), and cit.; *Sovereign Camp Woodmen of the World* v. *Bowman,* 40 *Ga. App.* 536 (2) (150 S. E. 436).

4. The mere failure to state material facts in an application for insurance, when not done fraudulently, will not avoid a policy of insurance. *German American Asso.* v. *Farley,* supra.

5. "An insurance company can not avoid liability for a loss on one of its policies on the ground that the contract was void from the beginning, when, at the same time, it is collecting assessments on such contract." *Matt* v. *Roman Catholic Society,* 70 Iowa, 455 (30 N. W. 799); *German American Life Asso.* v. *Farley,* supra.

6. "Where limitations upon the authority of the agent who solicited the insured to enter into the contract were contained only in the policy itself, they are to be deemed as referring to matters occurring subsequently to the issuance of the policy, and do not apply to facts or conditions which were existing at the inception of the contract. In such a case the knowledge of the agent is the knowledge of the insurer, and if a policy is issued with knowledge by the agent of a fact or condition which by the terms of the contract would render it void, the insurer will be held to have waived the existence of such fact or condition, and

the policy will not be voided thereby." *Interstate Life &c. Co.* v. *Bess*, 35 *Ga. App.* 723 (2) (134 S. E. 804), and cit. In *New York Life Ins. Co.* v. *Patten*, 151 *Ga.* 185, the applicant for insurance expressly agreed in writing that "the agent taking the application could not waive any of the company's rights or requirements." And in *Metropolitan Life Ins. Co.* v. *Alexander*, 43 *Ga. App.* 385 (159 S. E. 124), it was provided in the policy that the entire agreement was embodied within its terms, which could not be changed or its conditions waived, except by express agreement of the company, evidenced by the signature of its president or secretary. The policy in the instant case contained no such provisions, and that fact differentiates it from the two cases just cited.

7. It appearing without dispute, from the evidence, that the insurance company's agent, who wrote and delivered the policy, knew, when the policy was written and delivered, that the insured was not in sound health, and that notwithstanding such knowledge he wrote and delivered the policy and subsequently collected the weekly premiums thereon when they became due, the insurer, after the death of the insured, and in a suit upon the policy, was estopped from setting up as a defense to the action the terms of the policy providing that the policy would be void if the insured was not in sound health at the time of the delivery of the policy.

8. The court directed a verdict in favor of the plaintiff for $125. A recovery by the plaintiff was demanded by the evidence; but in view of the undisputed evidence which showed that the insured died from a pulmonary disease within eighteen months from the issuance of the policy, and the provision of the policy that "if the insured should die at any time during the first eighteen months of the life of this policy, directly or indirectly, from any pulmonary disease or heart disease, the liability of the company shall be limited to one half the stipulated sum mentioned in the schedule on the reverse side hereof," the plaintiff was entitled to a verdict for $62.50 only. It is true that W. D. Davis, the district manager of the defendant company, sworn as a witness for the plaintiff, testified as follows: "There would be $125 due on the policy of life insurance issued on the life of Fannie McCloud on May 25, 1931, if she died within sixty days after that date." That testimony, however, came from a witness for the plaintiff, and was in direct conflict with the foregoing provisions of the policy; and under the well known rule that "parol evidence is inadmissible to add to, take from, or vary a written contract" (Civil Code of 1910, § 4268, par. 1), it was without probative value.

9. The judgment is affirmed, on condition that the plaintiff, before the remittitur from this court is made the judgment of the trial court, shall write off from the judgment the sum of $62.50; otherwise the judgment shall be reversed.

10. The plaintiff in error, having secured a substantial modification of benefit to it, is entitled to a judgment for the costs of bringing the case to this court and also for the costs accruing in this court. *Anderson* v. *Beasley*, 169 *Ga.* 720 (151 S. E. 360), and cit.; *Atlantic C. L. R. Co.* v. *Hogrefe*, 43 *Ga. App.* 520 (11) (159 S. E. 760).

*Judgment affirmed on condition. MacIntyre and Guerry, JJ., concur.*

DECIDED AUGUST 4, 1933.

318

*W. V. Custer & Son,* for plaintiff in error. *A. B. Conger,* contra.