24166. LIFE & CASUALTY INSURANCE COMPANY *v.* PALMER.

MacINTYRE, J. On October 3, the plaintiff applied for a policy of industrial insurance upon the life of her infant daughter, paying to the company's agent five cents, a week's premium, as a deposit. The application was made in Bainbridge, Georgia, and contained this stipulation: "No obligation is incurred by said company by reason of this deposit until a policy is issued upon said application, and unless at the *date and delivery of said policy* [italics ours] the life proposed is alive and in sound health." The application was mailed to the general agency at Albany, Georgia, on October 7. On October 8, the insured became ill and on October 10 died. It is uncontradicted that the application was received at the home office of the insurer in Nashville, Tenn., on October 10, and that on October 13 the policy was mailed to the company's agent in Bainbridge, Ga., the policy bearing date of October 17. The policy contained this stipulation: "This policy shall not take effect prior to the *date of same* [italics ours], nor unless the first premium shall have been paid in cash, and the *contract delivered and accepted* [italics ours] during the lifetime and sound health of the insured." Plaintiff contends that the agent accepted a week's premium from her on October 10. Upon the refusal of the insurer to pay, this suit was instituted. Verdict was returned in the plaintiff's favor. The case is in this court to review the judgment overruling the defendant's motion for a new trial. *Held,* that it was expressly contracted that the policy of life-insurance must be de-

livered before the death of the insured, to wit October 10, and that, under the uncontradicted evidence, in no view of the case could delivery (either actual or constructive) of the policy have been made prior to the mailing of the policy to the agent, to wit October 13 (three days after the death of the insured), and that a verdict in favor of the plaintiff was unauthorized and must be set aside.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 6, 1935.

*A. B. Conger,* for plaintiff in error.
*John E. Drake, W. V. Custer & Son,* contra.