25921. NEWTON *v.* GULF LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 13, 1937.   REHEARING DENIED MARCH 3, 1937.

*Carl B. Copeland,* for plaintiff.

*J. D. Tindall, J. F. Kemp,* for defendant.

FELTON, J.   1. Where a person makes application to a foreign accident insurance company through the latter's agent, and the context of the application shows that a certain, specific, and definite policy of insurance is applied for, the applicant is presumed to be fully acquainted with all the terms and conditions of the policy applied for, and where the policy provided that "it is especially agreed that only the president, secretary, or actuary shall have power to alter or change the terms of this contract or waive

forfeitures, and that it shall not be within the scope of the authority of any agent, manager, or superintendent, other than the said president, secretary or actuary, to alter or change the terms of this contract or to waive any of the terms thereof," the applicant is on notice, in the absence of proof to the contrary, that the soliciting agent is without authority to accept a payment or payments on premiums on the policy and to agree with the applicant that the policy is in effect before its delivery to the applicant, in contradiction to a provision in the application, that the "policy will take effect on delivery to the applicant." In the absence of fraud preventing the applicant from reading the policy or otherwise ascertaining its terms, the applicant is likewise on notice of such lack of authority on the part of any other officer designated in the said policy as lacking such authority. Accordingly, where the agent who solicits such an application states to the applicant that the policy is in immediate benefit upon the payment of the first ten cents weekly premium, and writes across the first receipt "bind receipt," and makes the same statement upon issuance of a second similar receipt, but without the words "bind receipt," upon the payment of the second ten cents premium, both of which ten-cent payments are made before the acceptance of the application and the issuance and delivery of the policy, a valid and binding contract of insurance is not effected, either as putting the policy applied for into effect before issuance and delivery, or as effecting a temporary contract growing out of the application, receipt and payments. Nor would the fact that the manager of the Atlanta division of the insurance company instructed the soliciting agent to tell the applicant that the policy applied for would be in immediate benefit upon the payment of the first or second ten-cent premium, or both, effect such insurance contract; nor would the fact that an assistant manager told the applicant the same thing effect it. Code, § 4-301; *Reliance Life Insurance Co.* v. *Hightower*, 148 *Ga.* 843 (98 S. E. 469).

2. The mere issuance of an insurance policy in the name of an applicant, in response to his application, does not of itself indicate an unconditional acceptance of the application and an agreement to insure. The company may provide other safeguards and leave to its agents the final acts completing the final and unconditional acceptance. So, if a policy of insurance is written on

January 16, 1936, and dated January 20, 1936, and the agents of the company are instructed to deliver the policy to the applicant not sooner than the later date, and not then unless the applicant is alive and in good health, the application for insurance is not finally accepted and the insurance put into effect until the policy is delivered to the applicant in good health on the date of the policy or thereafter. *Folds* v. *New York Life Ins. Co.*, 27 *Ga. App.* 435 (108 S. E. 627); *Pierce* v. *Life Ins. Co. of Va.*, 50 *Ga. App.* 337 (178 S. E. 189); *Life & Casualty Ins. Co. v. Palmer*, 50 *Ga. App.* 506 (178 S. E. 763). These cases are distinguishable from *New York Life Ins. Co.* v. *Babcock*, 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134).

3. The provision in the application, "policy to take effect on delivery to applicant," is not ambiguous, and means that the policy is to take effect on *its* delivery to applicant.

4. Even if a witness's testimony may be construed as meaning that the assistant superintendent of the insurance company told her that he had the insured's accident policy in his desk drawer on the day assured was killed, it would not affect the case, because the policy was dated January 20, 1936, and the insured was killed on January 16, 1936, and the agent of the insurance company had instructions from the home office of the company to deliver the policy to the insured on January 20, 1936, if he was alive and in good health at that time. Conceding that the evidence was that the policy was delivered to the agent in Atlanta before the death of the insured, the uncontradicted evidence is that it was not there for unconditional delivery, but was not to be delivered until January 20, 1936, if the insured was alive and in good health, and it was to be delivered to the insured in person. See cases cited in *Pierce* v. *Life Ins. Co. of Va.*, supra.

5. A principal is bound by its ratifications, with knowledge of the facts, of the unauthorized acts of its agents, or persons assuming to be agents, in soliciting and receiving an application fixing the time for the commencement of the contract, delivering the policy, waiving a condition as to delivery of the policy, or accepting a promissory note for the first premium, etc. 32 C. J. 1135, § 241. However, a principal is not put on notice of the unauthorized act of an agent by the mere knowledge of the agent of the acts he himself has done in excess of his authority. *Penn Mutual Life Ins. Co.* v. *Blount*, 165 *Ga.* 193 (140 S. E. 496).

6. Even if we treat the words "bind receipt" as meaning that the insurance was intended to go into effect immediately, the agent placing the same on the receipt had no authority to make a contract of insurance or put the policy into effect, and there was no notice to the company that the receipt had been so altered, and it could not have ratified the attempted agreement without actual knowledge of it or without knowledge imputed to it on account of the knowledge of some other agent.

7. The testimony of the division manager, that "The policy is not to be delivered unless the insured is still living and in sound health," was not subject to the objection that any statements or instructions to the agents of the district manager would not be binding on the policyholder without notice to him, for the reason that it was admissible to show that the writing on the policy and delivery to the agent in Atlanta did not amount to a final acceptance and the delivery to unconditional delivery. The same ruling applies to the testimony of the assistant division manager. "In other words, the person signing the application is the only one that can receive the policy." There was no error in the direction of the verdict for the defendant.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*