29538.   LIFE AND CASUALTY INSURANCE COMPANY OF
TENNESSEE *v.* BROCKETT.

DECIDED JUNE 17, 1942.   REHEARING DENIED JULY 27, 1942.

*H. G. Bell,* for plaintiff in error.

*A. B. Conger, Vance Custer,* contra.

GARDNER, J. (After stating the foregoing facts.)

■ The demurrers raised practically the same issues as those raised by the general grounds of the motion for new trial, the only difference being that the evidence introduced to sustain the allegations of the petition was more in detail than were the allegations themselves. Under our view of the case, hereinafter more fully discussed, the judge did not err in overruling the demurrers.

■ (*a*) Grounds 1 to 10 inclusive and 12 of the amended motion assign errors on the admission of the policy, the receipt of March 29, 1940, and parol testimony in connection with said documents, on the grounds that such testimony was immaterial and its admission was prejudicial. The ultimate effect of the errors assigned is that the court erred in admitting testimony to sustain the allegations of the petition. Since we have held that the demurrers and the general grounds go to the same question, whether the plaintiff was entitled to recover as a matter of law, under the allegations of the petition and the evidence introduced thereunder, these grounds of the amended motion may be properly dealt with under the last division of this opinion. (*b*) Ground 11 complains generally that plaintiff could not recover because the witness Meeks testified that the company paid a claim on another contract which Brockett had with the company, and cites a provision of the contract that if the company had previously issued another "industrial travel and pedestrian policy" to the insured, concurrently in force with the policy sued on, in excess of $1000, the policy sued on would be void. Such defense was not set up in the answer. The first mention of it was in a vague sort of way in the evidence above quoted, and the next mention of it was in ground 11 of the amended motion for new trial. It nowhere appears in the record that the other policy thus incidentally and vaguely referred to was another "industrial travel and pedestrian policy" which made the amount of this type of insurance exceed $1000 in favor of the insured, issued by the defendant. This ground is without merit. (*c*) Grounds 13 and 14 assign error because the court failed to charge

more fully regarding the issues involved. There were no written requests to charge. The charge as a whole was not subject to the errors assigned.

■ We will now discuss the general grounds, as to whether Meeks was authorized to bind the company from the time the first payment was made and the "binding receipt" issued therefor until the company passed on the application. It will be noted from the evidence that Meeks, the agent of the company, testified that he "was under the impression that after a copy had been okayed by the home office that it was in force from the date of the payment, the first payment, and the issuance of the receipt." It must be kept in mind that the application which the plaintiff executed placed no limitation on the authority of the agent. The application does contain memoranda of the nature and amount of the policy of insurance for which the application was made. If the application had stipulated that the policy was not to become effective until it was issued and delivered at a time when the insured was in good health, the case would be different. Counsel for plaintiff in error cites *Newton* v. *Gulf Life Insurance Co.*, 55 *Ga. App.* 330 (190 S. E. 69), as authority for his contention that the policy did not cover an injury sustained between the date of the application and the payment of the first premium and the date of the delivery of the policy. A reading of this case will reveal that the limitation of the agent was stated in the application, as well as in the policy: "Where a person makes application to a foreign accident insurance company through the latter's agent, and the context of the *application* shows that a certain, specific, and definite policy of insurance is applied for, the applicant is presumed to be fully acquainted with all the terms and conditions of the policy applied for, and where the policy provided that 'it is especially agreed that only the president, secretary, or actuary shall have power to alter or change the terms of this contract or waive forfeitures, and that it shall not be within the scope of the authority of any agent, manager, or superintendent, other than the said president, secretary, or actuary, to alter or change the terms of this contract or to waive any of the terms thereof,' the applicant is on notice, in the absence of proof to the contrary, that the soliciting agent is without authority to accept a payment or payments on premiums on the policy and to agree with the applicant that the policy is in effect

before its delivery to the applicant, in contradiction to a *provision in the application*, that the 'policy will take effect on delivery to the applicant.'" (Italics ours.) Counsel cites *Rome Industrial Insurance Co.* v. *Eidson*, 138 *Ga.* 592 (75 S. E. 657), holding that after a policy had been accepted the agent could not exceed the limit of authority expressed therein. In *Cotton States Life Insurance Co.* v. *Scurry*, 50 *Ga.* 48, which counsel cites as authority for his position, it was held: "Whether it [a binding receipt] is binding on the company until action is had by the company on the application, is a question that does not arise under the facts of this case." *Reliance Life Insurance Co.* v. *Hightower*, 148 *Ga.* 843 (*b*), cited by plaintiff, holds as follows: "Where the application for a policy of life insurance and the policy itself stipulate that the insurance shall not become effective until the first premium shall have been actually paid while the applicant is in good health, and that agents are not authorized to modify the policy or extend time for paying a premium, the actual payment of the first premium during the good health of the applicant is a condition precedent to the liability of the insurer; and a local agent of the company could not waive such condition."

Other cases cited, *Hutson* v. *Prudential Insurance Co.*, 122 *Ga.* 847 (50 S. E. 1000), *Haupt* v. *Phœnix Insurance Co.*, 110 *Ga.* 146 (35 S. E. 342), *Life &c. Insurance Co.* v. *Palmer*, 50 *Ga. App.* 506 (178 S. E. 763), and *Sovereign Camp W. O. W.* v. *Hart*, 187 *Ga.* 304 (200 S. E. 296), are to the effect that the agent for the company can not waive the specific terms of the application for insurance or of the policy after delivery. We think the instant case is controlled by the authorities to which we will now refer.

This court held, in *Queen Insurance Co.* v. *Hartwell Ice &c. Co.*, 7 *Ga. App.* 787 (68 S. E. 310), that a binding slip issued the applicant for insurance is a mere written memorandum of the most important terms of the preliminary contract of insurance, intended to give temporary protection pending investigation of the risk. While it may be said that the binding receipt issued in the case at bar does not contain memoranda of the most important terms of the policy, when it is taken in connection with the application which was signed it does do so.

It was held in *Gardner* v. North State Ins. Co., 163 N. C. 367 (79 S. E. 806, 48 L. R. A. (N. S.) 714, Ann. Cas. 1915B, 652), to

the effect that when properly executed the "binding slip" protects the applicant for insurance against the contingency of sickness intervening its date and the delivery of the policy, if the application for insurance is accepted. We find the same principle discussed at length approvingly in Lea v. Atlantic Ins. Co., 168 N. C. 478 (84 S. E. 813), and also in Hallauer v. Fire Association of Philadelphia, 83 W. Va. 401 (98 S. E. 441).

In addition to what has been said, it must be kept in mind that it is the law and the policy of this State as to limitations of authority of an insurance agent which are contained in the policy, and where such limitations are contained only in the policy, that the limitations refer to matters which occur subsequently to the issuance and delivery of the policy. See *Mechanics & Traders Insurance Co.* v. *Mutual &c. Asso.*, 98 *Ga.* 262, 266 (25 S. E. 457), and *Johnson* v. *Ætna Insurance Co.*, 123 *Ga.* 404 (infra), citing the *Mechanics & Traders Co.* case, supra. It was also held in *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804) : "Where limitations upon the authority of the agent who solicited the insured to enter into the contract were contained only in the policy itself, they are to be deemed as referring to matters occurring subsequently to the issuance of the policy, and do not apply to facts or conditions which were existing at the inception of the contract. In such a case the knowledge of the agent is the knowledge of the insurer, and if a policy is issued with knowledge by the agent of a fact or condition which by the terms of the contract would render it void, the insurer will be held to have waived the existence of such fact or condition, and the policy will not be voided thereby. *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92) ; *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (5) (64 S. E. 993) ; *Athens Mutual Insurance Co.* v. *Ledford,* 134 *Ga.* 500 (1) (68 S. E. 91) ; *Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778, 781 (76 S. E. 91) ; *Springfield Fire &c. Insurance Co.* v. *Price,* 132 *Ga.* 687 (2) (64 S. E. 1074) ; *Liverpool &c. Insurance Co.* v. *Georgia Auto &c. Co.,* 29 *Ga. App.* 334, 354 (115 S. E. 138)."

It was held, Chief Judge Broyles rendering the opinion, in *Peninsular Casualty Co.* v. *McCloud,* 47 *Ga. App.* 316 (170 S. E. 396) : "'An insurance company can not avoid liability for a loss on one of its policies on the ground that the contract was

void from the beginning, when, at the same time, it is collecting assessments on such contract.' Matt v. Roman Catholic Society, 70 Iowa, 455 (30 N. W. 799); *German American Life Asso.* v. *Farley,* supra." And, "It appearing without dispute, from the evidence, that the insurance company's agent, who wrote and delivered the policy, knew, when the policy was written and delivered, that the insured was not in sound health, and that notwithstanding such knowledge he wrote and delivered the policy and subsequently collected the weekly premiums thereon when they became due, the insurer, after the death of the insured, and in a suit upon the policy, was estopped from setting up as a defense to the action the terms of the policy providing that the policy would be void if the insured was not in sound health at the time of the delivery of the policy." See also in this connection *Fair* v. *Metropolitan Life Insurance Co.,* 5 *Ga. App.* 708 (63 S. E. 812).

The Supreme Court held, in *German American Life Asso.* v. *Farley,* 102 *Ga.* 720 (29 S. E. 615): "If after a policy of insurance has been issued knowledge be brought home to the insurer that certain statements material to the risk, made by the assured to procure insurance, are untrue, but which were by him warranted to be true, and notwithstanding such knowledge the insurer thereafter receives the premiums in accordance with the terms of the policy, he will, after loss, be held to have waived any forfeiture which might otherwise have resulted from such breach of warranty, and would be thereafter estopped to deny the validity of the policy."

When we apply the principles of law announced in the decisions above quoted, as they apply to the contentions of the plaintiff in error as revealed by the record, the court did not err in overruling the demurrers or in denying a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

On its motion for rehearing counsel for plaintiff in error earnestly contends that this court overlooked paragraph 5 of the answer and the evidence sustaining the allegations of same. The paragraph reads: "This defendant shows that its agent was not authorized to bind the company by any receipt or writing and that the terms of the policy were binding on the insured and that the insured was bound by these provisions, the policy on this paragraph

stated: 'The acceptance of this policy shall be everywhere construed as incontrovertible evidence that it has been read, understood and accepted by the insured and beneficiary. It is subject to the terms and provisions on this and the reverse side hereof. If these terms and provisions are not in all respects observed, this policy shall thereupon become void and all rights thereunder forfeited.'"

Concerning another outstanding policy of industrial travel and pedestrian insurance on the insured by plaintiff in error, the only evidence to substantiate the same appears in a provision on the reverse side of the policy in question reading as follows: "If another industrial travel and pedestrian policy, or policies, previously issued by the company to the insured, be in force concurrently herewith, making the aggregate maximum indemnity in excess of $1000 this policy becomes excess insurance and shall be void and all premiums paid hereunder shall, upon demand, be returned to the insured, or the person properly entitled thereto. The company shall not be presumed to know of the existence of any prior policy, and the issuance of the policy shall not be deemed a waiver of this condition."

The above is a provision of the policy sued on. No other policy was introduced and the nearest approach of any evidence to sustain such plea, if indeed it could be construed to be sufficient to raise such issue, is the following: "But they paid a claim on another contract Mr. Brockett had with the company." There is no evidence whatsoever that the other contract was an "industrial travel and pedestrian policy." 'The agent for the company testified: "I took all types of applications of insurance written by my company and collected premiums."  *Rehearing denied.*