## 1777. MADDOX *v.* SOUTHERN MUTUAL LIFE INSURANCE ASSOCIATION.

No error of law appears, and the verdict as directed by the court was demanded by the evidence.

Action on policy, from city court of Eastman—Judge K. J. Hawkins presiding. January 14, 1909.

Submitted May 6,—Decided October 5, 1909.

*J. P. Highsmith,* for plaintiff.

*D. M. Roberts & Son,* for defendant.

HILL, C. J.    Maddox, as beneficiary, sued the Southern Mutual Life Insurance Association on a policy of insurance on the life of his mother, Nancy Maddox.   On the trial of the case, the insurance company admitted writing the policy, and that if the plaintiff was entitled to recover at all, he would be entitled to recover the sum of $983.   It denied the right of the plaintiff to recover, and set up as a defense that the policy was procured by false representations made by the insured in her application for the policy, as to her age and as to her physical condition.   In an amendment to the plea it was set up that the application was not made by the insured, Nancy Maddox, but was made by the plaintiff in her name, that the false representations as to her age and physical condition were made by him, and that the application was made without her knowledge or authority,   At the conclusion of the evidence the court directed a verdict for the defendant; and the plaintiff excepts.

The following is a substantial statement of the facts: . Plaintiff made an application to the United States Co-operative Industrial Life Insurance Association for a policy covering the life of his mother, Nancy Maddox; and the answers to the questions therein propounded were made by him.   In this application he stated her age as 53 years, and stated that her health was good, and that she was at that time suffering from no disease.   On this application, the United States Co-operative Industrial Life Insurance Association issued its policy to Nancy Maddox as a member of the Association. Subsequently the Southern Mutual Life Insurance Association took up all the policies of the United States Co-operative Industrial Life Insurance Association and substituted therefor its own policies.   The policy thus substituted for the former policy on the life of Nancy Maddox was delivered to and accepted by the beneficiary, and is the one upon which this suit is predicated.   The application for the original policy, when offered in evidence, was objected to by the plaintiff, on the ground that it was irrelevant, it not being an application for insurance in the company sued. This objection was overruled.   The written contract of merger, made by the two insurance associations, was also admitted in evidence, over the plaintiff's objection that it was irrelevant.   These rulings are assigned as error.

It was not denied that plaintiff, as beneficiary, had made the

application for insurance in the name of his mother. It was not denied that at the time when this application was made the insured was afflicted with cancer of the uterus, and that she died of this disease within a few months after the policy issued thereunder. It was not denied that the statement of her age was incorrectly given in the application, it being shown by her affidavit, of file in the executive department, in connection with her application for a pension as the widow of a Confederate soldier, that when the application for insurance was made she was over 60 years of age. The introduction of a certified copy of this affidavit was objected to, on the ground that there was no proof of the execution of a genuine original; and exception is taken to the overruling of this objection. It was shown that neither of the two associations issued policies to persons over 60 years of age, or to persons suffering from disease such as cancer of the uterus.

The application for the policy, made by plaintiff as beneficiary, covering the life of his mother, to the United States Co-operative Industrial Life Insurance Association, with the statements made therein as to his mother's age and as to her physical condition, was admissible in evidence. As the policy on which this suit is predicated was issued by the defendant company as a substitute for the policy issued by the first-mentioned company, and expressly recites that it was based on the application of Nancy Maddox, which was made a part of the contract of insurance sued on (and the application was identified by the parol evidence as the only one that was made for the policy), that application became a part of the contract with the defendant company. No new application was made for the policy on which this suit is predicated, but it was accepted by the plaintiff in lieu of the policy which was issued on the application made by him for the policy in the first-mentioned company; and it follows that any statements made in this application that would have rendered void the contract of insurance written by the first company would also render void the contract of insurance sued on. Neither could the plaintiff be heard to object to the contract between the two companies, showing that the company sued had taken over all the policies of the first company. Having accepted the policy in the company sued as a substitute for the policy issued by the first company, and having brought suit to enforce the same, he could not set up

that the contract between the two companies, on which his right to a policy in the company sued was based, was either irrevelant or for any reason void. The court, therefore, did right in admitting the application, and also in admitting in evidence the contract of merger between the two companies.

On the merits of the case, the direction of a verdict was demanded by the uncontroverted evidence. In the application made for the insurance policy it was stated that the insured was 53 years of age, and that she was sound physically, and not suffering from any disease. The evidence showed that at the time of the application she was over 60 years of age, and was suffering from cancer of the uterus, which in a few months caused her death. These representations were material to the risk, and their falsity was unknown to the original company at the time its policy was issued, or to the defendant company at the time the policy sued on was substituted for the policy in the original company. The untrue statements as to these facts were not waived in any manner by either company; and it is wholly immaterial whether they were made by the insured or by the beneficiary. They were material representations, and if they had been known to either company, the policy would not have been written. For these reasons the policy contract was void, having been procured by false representations contained in the application, which were material to the risk. This is not only the law of the contract in the case, but the statutory law of this State. Civil Code, §§2097, 2098.

*Judgment affirmed.*