**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 91-6043
_____

James E. Hamilton, et. al,

Plaintiffs-Appellants,

VERSUS

The Grocers Supply Co., Inc.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(March 1, 1993)

**ON PETITION FOR REHEARING**

(Oninion December 15, 1992, 5 Cir., 1992, ____F.2d___)

Before REAVLEY, HIGGINBOTHAM, AND DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The Hamilton plaintiffs request a rehearing on our ruling in Britt v. Grocers Supply Co., Inc., 978 F.2d 1441 (5th Cir. 1992). They contend that we erred in holding that the directed verdict on their ADEA claims should be sustained because they failed to show pretext. We agree, however, rehearing is denied because plaintiffs failed to establish a prima facie case.

The district court held that the plaintiffs failed to establish a prima facie case, and dismissed the case after the close of plaintiff's case-in-chief. Our decision affirmed the district court's decision, however, we affirmed on the grounds that the plaintiffs failed to show that the defendant's articulated

nondiscriminatory reasons for refusing to rehire plaintiffs constituted pretexts. The Hamilton plaintiffs argue that McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), requires a plaintiff in its case-in-chief to establish only a prima facie case. They contend that McDonnell Douglas establishes a three step burden shifting process in which the plaintiffs are required to show pretext only after the defendants have articulated a non-discriminatory reason for failing to rehire. McDonnell Douglas Corp., 411 U.S. at 802. Although plaintiffs argued before this Court that they had proven pretext, we agree that procedurally they are correct. We do not agree, however, that they are entitled to a rehearing.

The standard of review for a directed verdict is the same as that for review of a summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). We apply the same standard of review as did the district court. Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989). "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions [for directed verdict and for JNOV] is proper." Boeing Company v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)(en banc); Little v. Republic Refining Co., 924 F.2d 93, 95 (5th Cir. 1991).

To establish a violation under the ADEA, the plaintiffs must show some adverse employment action by the defendant. See Young v. Houston, 906 F.2d 177 (5th Cir. 1990); Bienkowski v. American

2

<u>Airlines, Inc.</u>, 851 F.2d 1503 (5th Cir. 1988). When the plaintiff has not introduced direct evidence of discrimination, he may still shift the burden of proof to the defendant by establishing a <u>prima facie</u> case as required by <u>McDonnel Douglas</u>. <u>Young</u>, 906 F.2d at 180. To make out a <u>prima facie</u> case, the plaintiff must prove the necessary elements "by a preponderance of the evidence." <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981). The elements of a <u>prima facie</u> case may be somewhat flexible in an ADEA case according to the facts in issue. <u>McCorstin v. United States Steel Corp.</u>, 621 F.2d 749 (5th Cir. 1980). <u>See</u> <u>Moore v. Sears, Roebuck & Co.</u>, 464 F.Supp. 357, 361-63 (N.D.Ga. 1979). The district court articulated a three part test that the plaintiffs had to meet in order to establish a <u>prima facie</u> case. They had to show (1) the company refused to consider recall applications of protected employees over forty years of age; (2) applications for recall were accepted from workers under forty years of age; (3) the protected workers were qualified for the jobs. The plaintiffs argue that this test is inappropriate under the facts in this case. We disagree.

The plaintiffs voluntarily went on strike, forcing the company to hire replacements. The replacements were eventually made permanent, and few of the striking workers were ever recalled. The plaintiffs claimed adverse treatment based on two of Grocers' employment decisions: (1) the decision to permanently replace the striking workers and (2) the failure to recall the strikers as positions became available. They contend that these decisions were

3

motivated by age discrimination because the replacement workers as a group were younger than the striking workers as a group.[1] Relying on Metz v. Transit Mix, 828 F.2d 1202 (7th Cir. 1987), the plaintiffs argue that it is unlawful under the ADEA to eliminate older employees as a group based on higher salaries so as to replace them with generally younger workers, who would work for less. In addition to being factually distinguishable from Metz, this Court has not adopted the Metz line of reasoning, and we decline to do so in this case. See Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 813 (5th Cir. 1991) (termination due to higher pay is not relevant to age discrimination but seniority); Williams v. General Motors Corp, 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982) (seniority and age discrimination are unrelated).

This Court has held that the plaintiff "must show that [the employer] gave preferential treatment to a younger employee under 'nearly identical' circumstances." Little, 924 F.2d at 97. We agree with the district court that comparing the recall of older strikers with the recall of younger strikers provides more meaningful evidence of differential treatment than does a comparison of the strikers with their replacements. Additionally, age differences between an established workforce and a newly hired one are only natural. "[I]n a normal case, absent any discriminatory intent, discharged employees will more often than

---

[1] Members of the plaintiffs' group include workers under 40 years old.

4

not be replaced by those younger than they, for older employees are constantly moving out of the labor market, while younger ones move in." Laugesen v. Anaconda Company, 510 F.2d 307, 313 n. 4 (6th Cir. 1975). Consequently, we conclude that the test articulated by the district court was appropriate under the facts of this case.

The plaintiffs failed to meet the test set out by the district court. They failed to establish that the company refused to consider recall applications of protected employees over age forty. The record indicates that of the 34 strikers who were returned to work prior to the end of the strike, 20 were age forty or over. All of the remaining strikers, regardless of age, were permanently replaced. Pursuant to the recall agreement, the defendant made 120 recall offers. The average age of the strikers to whom these offers were made was 49.4 years old. Of the 120 offers, 104 went to persons age 40 or over, while only 16 went to persons under age 40. In light of the lack of evidence showing that younger strikers were more favorably treated than older strikers, we conclude that the plaintiffs have not established a prima facie case.

For the foregoing reasons, the request for rehearing is DENIED.