UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-7010
_____


MARIE BLACK, Individually and as
representative of RANDY A. BLACK,
PAM BLACK GUM, KITTY BLACK, adults,
and WILLIAM A. BLACK and TAMMY BLACK,
minors, the sole and only heirs at
law of ROMIE BLACK,

                                        Plaintiffs-Appellants,

                            versus

J. I. CASE COMPANY, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
            Northern District of Mississippi
_____

May 27, 1994


Before GARWOOD and HIGGINBOTHAM, Circuit Judges, SCHWARTZ[*],
District Judge.

GARWOOD, Circuit Judge:

     This is a Mississippi diversity case arising from the death of

Romie Black (Decedent) who was killed in an accident involving a

backhoe.   His successors, plaintiffs-appellants herein

(collectively, the Blacks), appeal the judgment on the jury verdict

in favor of defendant-appellee J.I. Case Company, Inc. (Case).  We

_____

[*]     District Judge of the Eastern District of Louisiana, sitting
by designation.

affirm.

This appeal was previously considered by another panel of this Court which issued an opinion affirming the judgment below. This earlier opinion was subsequently withdrawn and vacated.[1] *Black v. J.I. Case Co.*, 973 F.2d 1226, 1227-1231 (5th Cir. 1992). It appears likely that the withdrawal was because of a perceived uncertainty concerning the propriety of reviewing an interlocutory order denying summary judgment on an appeal following trial on the merits and final judgment based thereon adverse to the summary judgment movant.[2] We now conclude that this Court will not review the pretrial denial of a motion for summary judgment where on the basis of a subsequent full trial on the merits final judgment is entered adverse to the movant.[3]

---

[1]    The prior panel thereupon assigned the case to the calendar, and in due course it was reassigned to this panel.

[2]    It seems that the perceived conflict was likely with *Satcher v. Honda Motor Co.*, 984 F.2d 135 (5th Cir. 1993). In *Satcher*, this Court reviewed and reversed the district court's denial of the defendant's summary judgment motion, after the defendant received an adverse judgment following trial on the merits. *Id.* at 137. However, the original *Satcher* opinion has also been vacated and withdrawn, and it has been replaced by *Satcher v. Honda Motor Co.*, 993 F.2d 56 (5th Cir. 1993). The new *Satcher* opinion does not address the issue of whether a denied summary judgment motion should be reviewed on appeal after a full trial on the merits.

[3]    This decision in no way affects our holdings regarding a district court's interlocutory determinations that are subject to immediate review such as its ruling concerning a party's partial or total immunity from suit. *See, e.g., Spann v. Rainey*, 987 F.2d 1110 (5th Cir. 1993); *Mobil Corp. v. Abeille General Ins. Co.*, 984 F.2d 664 (5th Cir. 1993); *Williams v. Collins*, 728 F.2d 721 (5th Cir. 1984). Nor does it concern our decisions reviewing denied motions for summary judgment where the district court granted the opposing party's summary judgment motion. *See Ranger Ins. Co. v. Estate of Mijne*, 991 F.2d 240, 241 (5th Cir. 1991).

## Facts and Proceedings Below

On September 13, 1986, Decedent was killed while operating a backhoe loaned to him by Case when the machine rolled over and his head struck one of the posts which supported the backhoe's canopy. On March 26, 1990, the Blacks, as successors to Decedent's interest, brought this suit against Case. They subsequently filed a motion for partial summary judgment as to liability for breach of an implied warranty of merchantability, failure to warn of latent defects, failure to instruct the operator on the safe operation of the machine, and failure to inspect. Case opposed the motion for summary judgment, contending that it did not cause the accident, but rather that the Decedent's death was caused by his operation of the backhoe on too steep a slope while not wearing a seatbelt. Case, however, did not submit any summary judgment evidence to support its position, but rather relied on the Blacks' summary judgment evidence which included answers to interrogatories indicating Case's anticipated expert testimony at trial and affidavits of Case's employees. The district court denied the Blacks' partial summary judgment motion noting that their own evidence created factual disputes as to each asserted theory, and that, in any event, the court had the power to deny summary judgment where it thought "the better course would be to proceed to trial."

The case was subsequently fully tried on the merits. At the close of all the evidence, the Blacks made a motion for a directed verdict which the district court denied. The jury thereafter found for Case. The Blacks then filed for judgment notwithstanding the

verdict (j.n.o.v.) or for a new trial. These motions were also denied by the district court. The Blacks now bring this timely appeal, arguing that the district court erred in denying their motion for partial summary judgment, and that it also erred in several other respects. We affirm.

## Discussion

I.   Motion for Summary Judgment

The Blacks first argue that the district court erred in denying their motion for partial summary judgment because Case failed to present any evidence to create a disputed fact issue. Based on earlier precedent of this Court and other circuits, the Rules of Federal Civil Procedure, the discretion of district courts in this area, and other prudential concerns, we agree with the prior panel's conclusion that this order should not be reviewed.

This Court has already held that an interlocutory order denying summary judgment is not to be reviewed where final judgment adverse to the movant is rendered on the basis of a subsequent full trial on the merits. *See Wells v. Hico ISD*, 736 F.2d 243, 251 n.9 (5th Cir. 1984), *cert. dismissed*, 106 S.Ct. 11 (1985); *Zimzores v. Veterans Administration*, 778 F.2d 264, 267 (5th Cir. 1985).[4]   In

---

[4]   Only one case, in dicta, has suggested by inference that an interlocutory order denying summary judgment is reviewable. *See Dickinson v. Auto Center Mfg., Co.*, 733 F.2d 1092 (5th Cir. 1983). There, this Court rightly held that it could review the district court's order overruling the appellant's motion for a directed verdict at the close of the evidence. *Id*. at 1102; *see* FED. R. CIV. P. 50(d). However, in nonbinding dicta, the *Dickinson* court noted that "a party may obtain review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment." *Id.* This over-broad dicta might imply that *all* interlocutory ordersSQincluding denials of motions for summary judgmentSQmay be reviewed on appeal. However, the

4

*Wells*, the defendants-appellants suffered an adverse judgment entered on the jury's verdict following full trial on the merits, and prior to trial the district court had denied their motion for summary judgment on the question whether the plaintiffs-appellees had a property interest in their teaching positions. 736 F.2d at 251. We held that the district court's rulings denying the summary judgment motions could not be reviewed because, "Once trial began, the summary judgment motions effectively became moot." *Id.* at 251 n.9. Similarly, in *Zimzores*, we declined to review the denial of the plaintiff-appellant's motion for summary judgment which contended that there existed no factual dispute as to liability. We noted that "it is particularly difficult to understand how the ends either of justice or of orderly procedure would be furthered were we to hold that the plaintiff is entitled to summary judgment when the facts adduced at the full trial on the merits adequately support the findings and judgment for the defendants." 778 F.2d at 267. By reaffirming our rule announced in these cases that orders denying summary judgment motions will not be reviewed in such circumstances, we remain in harmony with the overwhelming majority of other circuits which have considered the issue. *See Bottineau Farmers Elevator v. Woodward-Clyde Consultants*, 963 F.2d 1064, 1068-69 n.5 (8th Cir. 1992); *Lum v. City of Honolulu*, 963 F.2d 1167, 1170 & n.1 (9th Cir.), *cert. denied*, 113 S.Ct. 659 (1992);

_____

decision does not discuss any other interlocutory rulings. Such an unexplained generalization is nonbinding in the face of this Court's specific holdings to the contrary. *See, e.g., Nicor Supply Ships Associates v. General Motors*, 876 F.2d 501, 506 (5th Cir. 1989).

*Summit Petroleum v. Ingersoll-Rand*, 909 F.2d 862, 865 n.4 (6th Cir. 1990); *Jarrett v. Epperly*, 896 F.2d 1013, 1016 (6th Cir. 1990); *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 & n.14 (Fed. Cir. 1986), *cert. dismissed*, 107 S.Ct. 1262 (1987); *Boyles Galvanizing & Plating Co. v. Hartford Accident & Indemnity Co.*, 372 F.2d 310, 312 (10th Cir. 1967).[5]

---

[5] One circuit has decided a case that could be read as supporting a dual system for evaluating denied motions for summary judgment in such circumstances. *See Holley v. Northrop Worldwide Aircraft Services, Inc.*, 835 F.2d 1375, 1378 & n.7 (11th Cir. 1988). Under this dichotomy, if the motion were denied on "factual" grounds (*e.g.*, no evidence as to an element required under governing law), then the order should not be reviewable. However, if the motion were denied on "legal" grounds (*e.g.*, the elements that must be proven under governing law), then that determination should be reviewable. The first problem with fashioning this dichotomy is that the *Wells* court refused to review a summary judgment motion that was at least arguably based on "legal" groundsSQwhether the plaintiffs had a property interest in their teaching positions. 736 F.2d at 251 n.9. Second, even if this issue had not already been foreclosed in this Circuit, another difficulty with such a system is distinguishing between "factual" and "legal" issues. All summary judgments are rulings of law in the sense that they may not rest on the resolution of disputed facts. We recognize this by our *de novo* standard of reviewing summary judgments. *See, e.g., Green v. Touro Infirmary*, 992 F.2d 537, 538-39 (5th Cir. 1993); *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815 (5th Cir. 1993); *Davis v. Illinois Cent. R.R.*, 921 F.2d 616, 617-18 (5th Cir. 1991). Moreover, our ability to distinguish such "factual" and "legal" issues will be hampered in instances (which are by no means rare) where the district court gives no, or only very generalized, reasons for denying the motion. In any event, such a dual approach would require us to craft a new jurisprudence based on a series of dubious distinctions between law and fact. And, such an effortSQadded to the tasks of already overburdened courts of appealSQwould benefit only those summary judgment movants who failed to properly move for judgment as a matter of law at the trial on the merits. FED. R. CIV. P. 50. If such motions are properly made, the denied motion for summary judgment need not be reviewed, because the "legal" issues determined by the district court are freely reviewable, and the case may be reversed and rendered on that basis. *See, e.g., Knowlton v. Greenwood ISD*, 957 F.2d 1172, 1177-78 (5th Cir. 1992); *Cotton Bros. Baking Co.*

Furthermore, the rule reaffirmed today is in keeping with Federal Rules of Civil Procedure 50(a) and (b), and our related jurisprudence. We have long recognized that where a party has a judgment rendered against him based on an adverse jury verdict, judgment may not be rendered for him on appeal (and j.n.o.v. in his favor may not be granted) unless that party has moved for a directed verdict in the district court. *See, e.g., Hinojosa v. City of Terrell*, 834 F.2d 1223, 1228 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 80 (1989); *McConney v. City of Houston*, 863 F.2d 1180, 1186-88 (5th Cir. 1989); *see also Johnson v. New York, N.H. & H.R., Co.*, 73 S.Ct. 125, 128 (1952). However, reviewing on appeal a pretrial denial of a motion for summary judgment would circumvent this rule by allowing us to reverse and render even when no motion for directed verdict and motion for j.n.o.v. had been made at trial. If such motions have been made, their denial can be reviewed on appeal and there is no good reason to also review the pretrial denial of the same party's motion for summary judgment.

To review pretrial denials of summary judgment motions would also diminish the discretion of the district court, in contravention of our jurisprudence and that of the Supreme Court. The Supreme Court has recognized that, even in the absence of a factual dispute, a district court has the power to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty*

---

*v. Indus. Risk Insurers*, 941 F.2d 380, 390-91 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 2276 (1992); *Nesmith v. Alford*, 318 F.2d 110, 118 (5th Cir. 1963), *cert. denied*, 84 S.Ct. 489 (1964).

*Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986). We, too, have recognized that (except in cases of qualified or absolute immunity) a district court "has the discretion to deny a [motion for summary judgment] even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." *Veillon v. Exploration Services*, 876 F.2d 1197, 1200 (5th Cir. 1989); *see also Marcus v. St. Paul Fire & Marine Ins.*, 651 F.2d 379, 382 (5th Cir. 1981). If we were to review denied motions for summary judgment, the district court would no longer have this discretion.

Finally, prudential concerns argue against reviewing such motions. To review the pretrial denial of a motion for summary judgment, we would have to review two different sets of evidence: the "evidence" before the district court at pretrial when it denied the motion, and the evidence presented at trial. Of course, the "evidence" presented at pretrial may well be different from the evidence presented at trial. It makes no sense whatever to reverse a judgment on the verdict where the trial evidence was sufficient merely because at summary judgment it was not.[6] As we noted in

---

[6] This seems to be the Blacks' motivation in asking us to review their denied summary judgment motion. They made a motion for directed verdict and j.n.o.v., so any points of error concerning the district court's decisions regarding the applicable law or insufficient trial evidence are freely reviewable. *See Boeing v. Shipman*, 411 F.2d 365 (5th Cir. 1969). It makes no difference whether we review the district court's "legal" decisions under the rubric of the denied summary judgment or the directed verdict motion. *See Hamilton v. Grocers Supply Co.*, 986 F.2d 97, 98 (5th Cir. 1993) (noting that "[t]he standard of review for a directed verdict is the same as that for review of a summary judgment"). Rather, the Blacks obviously hope that we will reverse based on the embryonic facts that existed before trial, as opposed to the fleshed-out facts developed at trial.

8

*Woods v. Robb*, 171 F.2d 539 (5th Cir. 1948):  "The saving of time and expense is the purpose to be attained by a summary judgment in a proper case.  When in due course the final trial is had on the merits it becomes the best test of the rights of the movant.  If he wins on trial he has his judgment.  If he loses on a fair trial it shows that he ought not to have any judgment."  *Id.* at 541.  For all of these reasons, we are firmly convinced that the better course is to decline to review the district court's denial of motions for summary judgment when the case comes to us on the movant's appeal following adverse judgment after full trial on the merits.

II.  Remaining Issues

The Blacks argue that the district court also erred by:  (1) refusing to grant their motion for directed verdict; (2) allowing Case to amend the pretrial order to allege that the accident was caused by the sole negligence of Decedent; (3) refusing to allow testimony regarding the position of the backhoe's boom at the time of the accident; (4) instructing the jury regarding Decedent's misuse of the backhoe; and (5) refusing to allow the jury to consider awarding punitive damages.  Having reviewed the record and briefs, we conclude that the prior panel opinion correctly disposed of and adequately addresses all these issues, none of which are of a precedential nature or otherwise appropriate for publication.

We would merely add that as to the first issue, the Blacks, in support of their contention that the district court should have granted their motion for directed verdict because of insufficient evidence, point to the recent Mississippi Supreme Court decision in

9

*Sperry-New Holland v. Prestage*, 617 So.2d 248 (Miss. 1993). The *Sperry* court adopted a "risk-utility" analysis for products liability cases. *Id.* at 256. The district court here, in accordance with our precedent, used a "consumer-expectations" analysis in trying the Blacks' products liability theory. Consistent with this analysis, Case relied, in part, on the "open and obvious" defense. The Blacks argue that this defense does not exist under the "risk-utility" analysis. As noted by the *Sperry* court, such a defense is now "simply a factor to consider in determining whether a product is unreasonably dangerous." *Id.* at 256 n.4. However, what has not changed is the Blacks' burden to prove under a products liability theory that the defective condition *caused* the physical harm to the ultimate user or consumer of the product. *Id.* at 253. Here, the evidence was not such as to *require* the jury to find that the defective condition was a cause of Decedent's injuries.[7] Therefore, the change in analysis does not establish that the district court erred in denying the Blacks' motion for directed verdict.

As to the second issue concerning the district court's allowing Case to amend the pretrial order on the first day of trial, the Blacks claim that they were unfairly surprised because the amendment added a new defense.[8] However, the district court

---

[7] The Blacks, in a separate point of error, argue that Case should be foreclosed from arguing that Decedent was the sole proximate cause of his death. We disagree for the reasons stated in the prior opinion.

[8] This alleged new defense is that Case would seek to show that Decedent was the *sole* proximate cause of his death instead of *a* proximate cause. This did not affect the Blacks' calculus

offered the Blacks a continuance which they declined.  Where a party claims unfair surprise "the granting of a continuance is a more appropriate remedy than exclusion of the evidence."  FED. R. EVID. 403 advisory committee's note.  If the Blacks were prejudiced by unfair surprise, the district court's offer of a continuance rectified any error that might have occurred.  *See F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*, 662 F.2d 1104, 1108 (5th Cir. 1981) (holding that the district court did not abuse its discretion in admitting new evidence where the complaining party "failed to urge a motion for continuance in response to what they now contend is unfair surprise").

## Conclusion

Accordingly, the judgment of the district court is

AFFIRMED.

---

of the types of evidence they would have to refute, and it did not interject a new issue into the proceeding.  We also note that this Court has stated it has "limited reversible error from unfair surprise to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify."  *F & S Offshore*, 662 F.2d at 1108 (citing *Shelak v. White Motor Co.*, 581 F.2d 1155 (5th Cir. 1078)).  Neither of these conditions obtain here.  We need not determine whether in special circumstances we might go beyond the categories mentioned in *F & S Offshore*, for here there is certainly no strong showing of unfairness or prejudice.

11