# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30221

_____

Reginald Robert,

*Plaintiff—Appellant*,

*versus*

Jamie Maurice; Knight Transportation, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-11632

_____

Before Davis, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Reginald Robert filed a civil action in district court after allegedly being sideswiped by a tractor-trailer while driving in New Orleans in 2017. The driver of the tractor-trailer, Jamie Maurice, and his employer, Knight Transportation, Inc. (collectively "defendants") maintained that Robert intentionally caused the accident pursuant to a larger scheme. After the jury returned a verdict only partially in Robert's favor and did not award him

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30221

damages, Robert filed this appeal challenging various rulings of the district court. For the reasons stated herein, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2017, Robert was driving a 2014 Toyota Tundra carrying three passengers on U.S. Highway 90 in New Orleans. Maurice was driving a 2015 Volvo tractor-trailer owned by Knight Transportation, Inc., and was attempting to merge onto U.S. Highway 90 from the on-ramp when the two vehicles collided or sideswiped each other. Robert alleged that Maurice misjudged his clearance and improperly merged lanes while acting in the course and scope of his employment with Knight. The dash camera in the tractor-trailer showed that the trailer crossed over the solid white line as the truck merged.

On November 27, 2018, Robert filed a civil action in district court against defendants, alleging negligence, liability, damages for injuries "not limited to her [sic] neck and back," and property damage. Defendants answered, asserting an affirmative defense that Robert intentionally caused the accident.

The district court ruled on various pretrial motions, including the following which are of significance here. By order dated September 26, 2019, the district court granted the defendants' motion for partial summary judgment, dismissing the claims alleging Knight's negligence because Knight stipulated that Maurice was in the course and scope of his employment at the time of the accident. Importantly, Robert agreed to a consent judgment granting the defendants' motion for partial summary judgment, which left

No. 22-30221

his remaining claims against Maurice for negligence and against Knight for vicarious liability. On May 14, 2021, the district court denied Robert's motion for partial summary judgment on medical causation. On October 15, 2021, the district court denied Robert's motion for partial summary judgment regarding defendants' affirmative defense that he intentionally staged the accident. On March 11, 2022, the district court denied Robert's motion in limine to exclude and/or limit certain cell phone records. This motion sought to exclude the following pieces of evidence: cell phone records as both inadmissible and a discovery sanction; the indictment of a non-party, Cornelius Garrison; testimony of Garrison's criminal defense attorney, Claude Kelly; and Garrison's deposition testimony in which he invoked his Fifth Amendment right.

The matter was tried before a jury on March 21-23, 2022. The jury found that Maurice caused or contributed to the November 27, 2017 accident and therefore implicitly rejected defendants' affirmative defense. But the jury also found that the accident was not the cause of Robert's injuries and awarded no damages.[1] Robert appealed.

---

[1] The verdict form in this case asked jurors to answer several questions. The first question asked, "Has Plaintiff proved by a preponderance of the evidence that Defendant Jamie Maurice caused or contributed to the November 28, 2017 motor vehicle collision?" The jury answered "YES." The second question asked, "Do you find by a preponderance of the evidence that the November 28, 2017 motor vehicle collision was the cause of Plaintiff's injuries?" The jury answered "NO" to this question and therefore did not answer the remaining questions on the verdict form.

No. 22-30221

## STANDARDS OF REVIEW

This court reviews a district court's decision to admit evidence for an abuse of discretion. *See Hitt v. Connell*, 301 F.3d 240, 250 (5th Cir. 2002). A district court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018). Erroneous decisions under Rule 404(b) are subject to a harmless error inquiry. *See Brazos River Auth. v. GE Ionics Inc.*, 469 F.3d 416, 423 (5th Cir. 2006). Accordingly, "even if a district court has abused its discretion, [this court] will not reverse unless the error affected the substantial rights of the parties." *Williams*, 898 F.3d at 615 (internal quotation marks and citation omitted).

The admission of a person's invocation of the Fifth Amendment is generally reviewed for an abuse of discretion. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 45 F.3d 969, 977 (5th Cir. 1995). This court explained:

> The admissibility of a non-party's exercise of the Fifth Amendment against a party, however, is a legal question that we must review de novo. Nevertheless, if such evidence is not inadmissible as a matter of law, the district court's specific determination of relevance and its evaluation of a potential FED. R. EVID. 403 problem are reviewed for abuse of discretion.

*Id.*

This court reviews a district court's denial of a motion for judgment as a matter of law de novo, applying the same standard as the district court. *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). Rule 50 provides that a judgment as a matter of law may be appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable

4

No. 22-30221

jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a).

## DISCUSSION

**I.  Whether the District Court Erred in Admitting Evidence Pertaining to Cornelius Garrison.**

Robert asserts that the district court erred in admitting evidence pertaining to Cornelius Garrison that included his indictment, deposition testimony, and the testimony of his defense attorney (the "Garrison evidence").  Robert denies any connection to Garrison and says that the "defendants turned this case into a trial of Cornelius Garrison, a non-party murder victim, who was indicated [sic] for insurance fraud in 2020 concerning his involvement in staging his own 2015 accident."

Garrison was an alleged ringleader in a conspiracy to stage more than fifty vehicle accidents with tractor-trailers or buses in New Orleans. Allegedly, Garrison and his confederates netted hundreds of thousands of dollars in settlements from commercial carriers and insurance companies. Garrison was indicted for a scheme involving an accident in 2015 as well as conspiring with others to stage an accident in 2017.  Garrison was murdered prior to his arraignment.

Garrison's indictment, which was admitted in this case, stated that Garrison's scheme "targeted commercial vehicles, including tractor-trailers, that were changing lanes and would strike the commercial vehicle or tractor-trailer in their blind spot."  At trial, defendants called Garrison's criminal defense attorney to testify about the indictment.  Additionally, the district

court admitted Garrison's deposition testimony, taken in this case, in which he repeatedly asserted the Fifth Amendment. Taken together, defendants used this evidence "to show Mr. Robert intentionally caused the alleged accident subject of this litigation, with Mr. Garrison's assistance, in a manner extremely similar to the 'accident' Mr. Garrison allegedly intentionally caused in 2015."

To further support this affirmative defense, the defendants offered the following evidence to connect Robert with Garrison: two phone calls about a week before the accident,[2] both had the same counsel, the same doctor, and that Robert's accident occurred in the same area, during the same time period, and was of the same type as other accidents in the scheme.[3] Moreover, testimony indicated that at least one additional vehicle stopped at the time of the accident and that someone may have left the scene.[4]

Robert carries the burden of showing that the admission of Garrison's indictment, deposition testimony, and testimony from his attorney were prejudicial. *See Williams*, 898 F.3d at 615 ("The party asserting the error has the burden of proving that the error was prejudicial." (internal quotation

---

[2] Robert unsuccessfully attempts to dispute that there is any evidence Garrison used the telephone number that Robert called twice about a week before the accident. Robert also denies knowing Garrison.

[3] Robert also asserts that the district court abused its discretion in admitting the other evidence. Also, one of the medical forms indicated that Robert identified his attorney as someone named "Shawn."

[4] Other evidence also established some discrepancies as to whether and how the passengers knew one another, whether Robert was injured, and whether Robert was the driver or a passenger.

No. 22-30221

marks and citation omitted)).  Assuming without deciding that the district court abused its discretion in admitting the Garrison evidence, Robert has failed to show that such errors were prejudicial.  The jury rejected defendants' affirmative defense by finding that Maurice was the cause of the accident.  Thus, the admission of the Garrison evidence, which was used to support the defendants' unsuccessful affirmative defense, was harmless.[5]

Robert argues that although he prevailed on the liability issue, the defendants also used the Garrison evidence to "attack the issue of medical causation—an issue the jury ruled against Plaintiff despite Defendants' failure to present any medical evidence to the contrary."  As discussed in more detail below, defendants pointed to evidence, independent of the Garrison evidence, to support the jury's finding that Robert's injuries were not caused by the November 28, 2017 accident.  Thus, any error regarding the admission of the Garrison evidence was harmless given that there was a sufficient independent evidentiary basis for a reasonable jury to find a lack of medical causation.  *See id.* at 627 (holding that the district court's error in admitting certain evidence was harmless because independent evidence in the record "provided the jury sufficient evidence to find [the defendant] liable").  For these reasons, we conclude that any error the district court made in admitting the Garrison evidence was harmless.

---

[5] Additionally, Robert has failed to demonstrate that he suffered substantial prejudice as a result of the district court's admission of the audio statement he made to Progressive Insurance Company.  *See Brazos River Auth.*, 469 F.3d at 423.

## II. Whether the District Court Erred in Denying Plaintiff's Motion for Judgment as a Matter of Law on the Issue of Medical Causation.[6]

Robert asserts that the district court erred in denying his motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure "because the jury lacked any legally sufficient evidentiary basis to conclude that Robert's injuries were not caused by the accident based on the uncontroverted evidence presented." The district court denied Robert's motion, properly finding that there were disputed issues of fact for the jury to decide. The defendants assert that Robert did not make a motion for judgment as a matter of law. But the record indicates that Robert arguably made an ore tenus motion.

However, Robert's argument on this issue fails to consider that the jury was free to disagree with his assessment of the evidence. Further, Robert asserts that "all" of his treating physicians "confirmed that, in their medical opinion, his injuries resulted directly from the accident at issue." Of the three record citations Robert offers in support of this argument, two citations

_____

[6] Robert's appeal of the denial of his motion for partial summary judgment as to defendants' affirmative defense is moot because the jury found Maurice at fault for the accident. And, the denial of Robert's motion for partial summary judgment as to medical causation is also not subject to review, as we do "not review the pretrial denial of a motion for summary judgment where on the basis of a subsequent full trial on the merits final judgment is entered adverse to the movant." *See Black v. J.I. Case Co., Inc.* 22 F.3d 568, 569 (5th Cir. 1994). Moreover, as set forth in this section, the evidence adduced at trial provided a legally sufficient evidentiary basis for a reasonable jury to find for the defendants on medical causation. *See* Fed. R. Civ. P. 50(a).

are to testimony from Dr. Eric Lonseth, and the last citation is to testimony from one of Robert's passengers, Derrick Benn, who is not a treating physician.

Contrary to Robert's assertion, his treating physicians also confirmed facts indicating otherwise. For example, on cross-examination, Lonseth, Robert's expert in pain management and anesthesiology, acknowledged that Robert denied a prior medical history during his initial visit and did not tell him about his preexisting neck and back injuries from similar accidents in January 2015, March 6, 2014, and May 29, 2013. Dr. Tony Giang, a chiropractor, testified to medical records that were actually signed by a Dr. Hung Cao. Giang confirmed that Robert also did not tell his office about his prior accidents in 2013, 2014 and 2015, the resulting neck and back pain, or his three separate lawsuits. Robert also indicated on his intake paperwork that he was the front passenger in the vehicle.

This testimony alone provides a legally sufficient evidentiary basis for a reasonable jury to find for the defendants on medical causation. *See* FED. R. CIV. P. 50(a). Thus, the district court did not err in denying judgment as a matter of law.

For these reasons, we AFFIRM.