# United States Court of Appeals for the Fifth Circuit

No. 24-30269

CONSOLIDATED WITH

Nos. 24-30270, 24-30271, 24-30470

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2025

Lyle W. Cayce
Clerk

CAMERON KEMP,

*Plaintiff—Appellant*,

*versus*

DONALD BELANGER, *previously identified as* DONALD BELANGER, JR,

*Defendant—Appellee*.

———————————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-799

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Cameron Kemp filed a 42 U.S.C. § 1983 suit against Shreveport Police Officer Donald Belanger alleging that he employed unconstitutionally excessive force against Kemp during an April 2019 arrest. Following a trial, the jury returned a verdict in favor of Officer Belanger.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30269
c/w Nos. 24-30270, 24-30271, 24-30470

On appeal, Kemp challenges several pretrial rulings. However, Kemp has not demonstrated that the district court abused its discretion in denying his motion for joinder and amendment of claims and parties under Federal Rules of Civil Procedure 15, 18, and 20, *see Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520–22 (5th Cir. 2010), nor has he shown any abuse of discretion in the denial of his motion to recuse the magistrate judge, *see United States v. Scroggins*, 485 F.3d 824, 829-30 (5th Cir. 2007). We will not consider any argument by Kemp that the district court judge should have sua sponte recused herself from presiding over this matter. *See Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001). We also do not consider Kemp's argument that the district court erred in denying his motion for summary judgment because Kemp proceeded to a full trial on the merits and the jury entered a verdict against him. *See Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 569-70 (5th Cir. 1994).

Next, Kemp raises arguments related to the jury trial and verdict. He contends that that a 12-person jury composed of nine white jurors was unconstitutional under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the district court erroneously excluded a document listing other cases involving Officer Belanger, that the district court erred when it provided a jury instruction on qualified immunity, and that there was insufficient evidence to support the verdict in favor of Officer Belanger. However, Kemp's general assertions regarding racial discrimination during voir dire and in the district court's exclusion of a prospective juror for cause are unpersuasive. *See United States v. Snarr*, 704 F.3d 368, 383 (5th Cir. 2013); 28 U.S.C. § 1865(b)(4). We will not consider Kemp's assertion that the district court erroneously excluded evidence because he failed to adequately brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Kemp also has

2

No. 24-30269
c/w Nos. 24-30270, 24-30271, 24-30470

not demonstrated that the district court abused its discretion when it instructed the jury on qualified immunity. *See Tucker v. City of Shreveport*, 998 F.3d 165, 172 (5th Cir. 2021); *Jimenez v. Wood Cnty.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc). Moreover, because there was at least some evidence that Officer Belanger did not employ unconstitutionally excessive force against Kemp during his arrest, he has not shown any plain error in the jury's verdict. *See Seibert v. Jackson Cnty.*, 851 F.3d 430, 435-36 (5th Cir. 2017).

Kemp further asserts that the district court erred in denying his Federal Rule of Civil Procedure 59(a) motion for new trial. However, he has not demonstrated the district court's ruling was an abuse of discretion. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018).

Finally, Kemp raises arguments related to: (1) municipal liability; (2) supervisory liability; (3) bystander liability; (4) the application for and execution of a search warrant; (5) the denial of medical care; and (6) intentional infliction of emotional distress and negligence. Because these claims were neither before the district court nor at issue during the jury trial, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.