United States Court of Appeals,

Fifth Circuit.

No. 92-9521

Summary Calendar.

Joyce Smith GREEN, et al., Plaintiffs-Appellants,

v.

TOURO INFIRMARY, et al., Defendants,

Touro Infirmary, Defendant-Appellee.

June 4, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this case, several plaintiffs brought suit under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, alleging that a hospital failed to stabilize an individual's emergency medical condition before discharging her. The hospital presented sufficient summary judgment evidence that it had stabilized the individual's medical condition. The plaintiffs, however, chose not to offer any evidence contradicting the hospital's contention that it had fulfilled its obligations under the statute. The district court granted the hospital's motion for summary judgment, and we now affirm.

I

On April 6, 1990, at approximately 4:00 p.m., Christeen Robertson went to the Touro Infirmary ("Touro") emergency room complaining of swelling in her extremities, pain in her right shoulder, dizziness, headaches, and numbness in her right hand. The emergency room staff took her vital signs. All were within normal limits except for her blood pressure, which was slightly elevated. The emergency room staff also took her medical history and learned that Robertson had spent the last three days at Charity Hospital in New Orleans. Robertson had left Charity Hospital without waiting for her test results. Touro's staff contacted Charity Hospital and obtained Robertson's test results.

In the emergency room, both Dr. Harry Hersey and Dr. Edward Dees examined Robertson. Ultimately, Dr. Jairo Barona was her treating physician. Touro's medical records indicate that Dr. Barona concluded that Robertson was "having acute nephrotic syndrome and needs to be admitted." Dr. Barona told Robertson "to go to the Charity Hospital due to her insurance status for evaluation and admission." Touro's medical staff treated Robertson in the emergency room and followed her condition for approximately seven hours. The hospital discharged Robertson at about 11 p.m. At that time, Robertson's vital signs were stable, she was not in acute distress, and she was ambulatory. Touro's staff instructed her to go to Charity Hospital as soon as possible. Later Robertson died. She was survived by her children Joyce Smith Green, Michael Smith, Eric Robertson, Felita Robertson and her husband Charles Robertson, Jr.

II

Robertson's surviving spouse and children brought this suit against Touro for an alleged violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). Touro moved for summary judgment arguing that there was no evidence supporting the plaintiffs' allegation that Touro violated EMTALA. Touro argued that it had not violated the act because when it discharged Robertson her vital signs were normal, she was ambulatory, and she was in a stable condition. In support of its motion for summary judgment, Touro submitted its medical records and affidavits from Dr. Barona and Dr. Dees. Both Dr. Barona and Dr. Dees agreed that Touro's staff had stabilized Robertson and that her condition was not life threatening when Touro discharged her.

Although this case has been pending since 1990, the plaintiffs have undertaken virtually no discovery and they have not produced a medical expert. The plaintiffs did not submit any competent evidence to rebut Touro's contention that it had complied with the statute. The only evidence the plaintiffs presented was a letter from Dr. Lawrence Levy.[1] The district court determined that Dr.

---

[1] Dr. Levy's letter stated only that

> it would have been appropriate [for Touro] to repeat her [Robertson's] renal function tests. In situations like this, renal function can deteriorate rapidly, over a mater of days, although such deterioration of function would be unusual.

Levy's letter was not competent summary judgment evidence because it was not submitted through an affidavit. Finding that the plaintiffs had failed to rebut Touro's evidence that it had stabilized Robertson's condition as required by EMTALA, the district court granted Touro's motion. The plaintiffs appeal.

III

On appeal from a district court's summary judgment, we review the record *de novo* to ascertain whether any genuine issues exist as to any material fact. If the record is devoid of a genuine issue of material fact, we review the evidence to determine whether the moving party was entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *FDIC v. Myers,* 955 F.2d 348, 349 (5th Cir.1992). Once a motion for summary judgment has been made and adequately supported, the non-movant cannot rest on the pleadings. The non-movant "must bring forth significant probative evidence to prevent summary judgment." *Stine v. Marathon Oil Co.,* 976 F.2d 254, 265 (5th Cir.1992) (citing *Union Planters Nat'l Leasing Inc. v. Woods,* 687 F.2d 117 (5th Cir.1982)).

The plaintiffs contend that they have a cause of action against Touro under EMTALA because 1) Touro failed to perform appropriate tests to determine whether Robertson's renal failure presented an emergency condition, 2) Touro failed to stabilize Robertson's renal condition before discharging her, and 3) Touro failed to transfer Robertson to another medical facility. The plaintiffs' arguments fail. As we explain below, the only evidence in the record leads to the inescapable inference that Touro's staff had stabilized Robertson's condition before discharging her. EMTALA requires only that a hospital stabilize an individual's emergency medical condition; it does not require a hospital to cure the condition.

EMTALA strictly sets out a hospital's responsibilities toward individuals who enter their emergency rooms requesting care. The statute provides that when such a person requests medical attention, the hospital must first screen the individual "to determine whether an emergency medical

---

Dr. Levy's letter is remarkable for what is does not contain. No where in it does Dr. Levy suggest that Touro's staff failed to stabilize Robertson's condition before discharging her.

condition (within the meaning of subsection (e)(1) of this section) exists." 42 U.S.C. § 1395dd(a).[2]

If the individual suffers from an emergency conditions the hospital must provide either:

> (A) with the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to *stabilize* the medical condition, or

> (B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

42 U.S.C. § 1395dd(b)(1) (emphasis added).[3]  Under EMTALA an emergency medical condition is "stabilized" if "no material deterioration of the condition is likely, within reasonable medical probability, to result from or occur during the transfer of the individual from a facility."  42 U.S.C. § 1395dd(e)(3)(B).  Transfer "means the movement (including the discharge) of an individual outside a hospital's facilities at the direction of any person employed by (or affiliated or associated, directly or indirectly, with) the hospital."  42 U.S.C. § 1395dd(e)(4).  The hospital's responsibility under the statute ends when it has stabilized the individual's medical condition.  *See Brooker v. Desert Hosp. Corp.,* 947 F.2d 412, 415 (9th Cir.1991).

The district court found that Touro met its obligations under the statute when it stabilized Robertson's condition.  The district court based this conclusion on Touro's medical records and the affidavits from Dr. Dees and Dr. Barona.  Dr. Dees states in his affidavit that he "treated and followed Christeen Robertson for approximately four hours prior to her discharge and that she was stable and able to be discharged home at approximately 23:00."  Dr. Dees goes on to say that Robertson was

---

[2]EMTALA defines an emergency medical condition as

> > a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in

> > > (i) placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or the child) in serious jeopardy,

> > > (ii) serious impairment of bodily functions, or

> > > (iii) serious dysfunction of any bodily organ or part.

> 42 U.S.C. § 1395dd(e)(1).

[3]The district court assumed, without deciding, that Robertson suffered from an emergency medical condition.

"ambulatory[,] with no acute distress[,] and with stable vital signs." Dr. Barona states that he "was aware of her [Robertson's] condition[,] which was not life threatening[,] and of her need for further evaluation and treatment of nephritis and hypertension," and that "he recommended follow-up treatment at Charity Hospital New Orleans." This evidence leads to the inescapable inference that Robertson was in a stable condition when Touro discharged her and, thus, Touro adequately supported its motion for summary judgment. Since the plaintiffs failed to present any evidence to contradict Touro's evidence, it was appropriate for the district court to grant Touro's motion for summary judgment.

IV

For all of the foregoing reasons, the decision of the district court is AFFIRMED.

AFFIRMED.