IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60099
Conference Calendar

_____

JERRY LEE QUINN,

                                        Plaintiff-Appellant,

versus

NOVA G. STOKES,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:96-CV-22-S-D
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Jerry Lee Quinn appeals from the district court's grant of
summary judgment to ATF agent Nova G. Stokes.  Quinn filed the
instant lawsuit against Stokes alleging common-law negligence and
a Fourth Amendment violation under Bivens v. Six Unknown Named
Agents, 403 U.S. 388 (1971).  This court reviews a grant of
summary judgment de novo.  See Green v. Touro Infirmary, 992 F.2d
537, 538 (5th Cir. 1993).

     Examination of the totality of the circumstances indicates
that there was no Fourth Amendment violation.  See United States

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Buchanan, 70 F.3d 818, 826-27 (5th Cir. 1995)(seizure of items outside scope of search warrant may be seizable under plain-view doctrine).  Stokes was therefore entitled to summary judgment.

Quinn has also failed to show that the district court abused its discretion in striking his interrogatories.  In addition, his negligence claim against Stokes is not cognizable under Bivens. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995)(negligence is not actionable under 42 U.S.C. § 1983); see also Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980)(Bivens suit provides "a remedy against federal officers, acting under color of federal law, that [is] analogous to [a] section 1983 action against state officials").

Accordingly, the district court's judgment is AFFIRMED.