IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60643
Conference Calendar

_____

JESSE BROWN SPENCER,

Plaintiff-Appellant,

versus

HARLEY SARGENT;
CITY OF JACKSON, MISSISSIPPI,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-372-WS
- - - - - - - - - -
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Jesse Brown Spencer appeals the dismissal with prejudice of his lawsuit against defendants Harley Sargent and the City of Jackson, Mississippi, alleging that he was denied a promotion based solely on his race. The district court granted summary judgment in favor of the defendants with regard to Spencer's Title VII claim because Spencer failed to timely file a charge with the Equal Employment Opportunity Commission (EEOC) and with regard to Spencer's claims under 42 U.S.C. §§ 1981 and 1983

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Spencer failed to present sufficient proof of discrimination.

This court reviews a grant of summary judgment <u>de</u> <u>novo</u>. <u>Green v. Touro Infirmary</u>, 992 F.2d 537, 538 (5th Cir. 1993). Spencer, who is African-American, concedes that the promotion he was denied was given to an African-American female. He cannot establish a prima facie case of racial discrimination for failure to promote because the promotion was given to a member of his same race. See <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 578 (5th Cir. 1990)(Title VII case); <u>see</u> <u>also</u> <u>Bunch v. Bullard</u>, 795 F.2d 384, 387 n.1 (5th Cir. 1986)(holding that a claimant is required to show the same proof required to show liability under Title VII when §§ 1981 and 1983 are used as parallel causes of action with Title VII). The defendants were therefore entitled to summary judgment regarding Spencer's claims of discrimination under §§ 1981 and 1983. See <u>Davis v. Chevron U.S.A., Inc.</u>, 14 F.3d 1082, 1087-88 (5th Cir. 1994)(Title VII case).

Because Spencer's failure to establish a prima facie case of discrimination was also fatal to his Title VII claim, this court need not address Spencer's argument that the district court erred in dismissing his Title VII claim because he failed to timely file a charge with the EEOC. See <u>Bickford v. International Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. 1981)(holding that "reversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court.").

AFFIRMED.