IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10880
Summary Calendar
_____

LAURIE ABDELJALIL, on behalf of Marcus Walker, on behalf of
Sarah Walker, on behalf of Khaled Kasem Abdeljalil, on
behalf of Kasem Mahmoud Abdeljalil, Individually and as
Natural Parent and Next Friend of Marcus Walker, a Minor and
Sarah Walker, a Minor, and as the Administratrix and
Personal Representative of the Estate of Khaled Kasem
Abdeljalil, Deceased, and Kasem Mahmoud Abdeljalil,

                                        Plaintiffs-Appellants,

versus

CITY OF FORT WORTH; ET AL.,

                                        Defendants,

CITY OF FORT WORTH; SHIRLEY WALKER, In her Individual and
Official Capacity,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-342-A
- - - - - - - - - -
September 11, 2000

Before SMITH, BENAVIDES, and  DENNIS, Circuit Judges

PER CURIAM:[*]

     Plaintiffs appeal the district court's grant of summary

judgment for the defendants.  Because plaintiffs have waived their

state-law claims by failing to argue them on appeal, only their

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims filed pursuant to 42 U.S.C. § 1983 are at issue.  See Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993).

We review a grant of summary judgment de novo.  See Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993).  Summary judgment is appropriate when, considering all of the admissible evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  After examination of the records and briefs, we have determined that there was no genuine issue of material fact and that the defendants' motions for summary judgment were properly granted.

Plaintiffs also argue that the district court abused its discretion in granting the defendants' motions to strike Jim Bearden's testimony as both an expert and a fact witness.  The district court analyzed Bearden's methodology in light of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-94 (1993), and held that his expert testimony was not reliable.  The district court refused to consider Bearden's affidavit regarding a factual matter because it held that his affidavit was based entirely on hearsay.  After considering Bearden's deposition and affidavit, we hold that the district court did not abuse its discretion in granting the defendants' motions to strike Bearden's testimony or in refusing to consider his affidavit.

Plaintiffs also contend that the district court erred in denying their motion for leave to file a sixth amended original

complaint. The district court failed to specify the basis for its denial of such motion. Such a failure to specify would normally constitute an abuse of discretion requiring remand. See Foman v. Davis, 371 U.S. 178, 182 (1962). The district court, however, explicitly considered the allegations contained in plaintiffs' proposed sixth amended original complaint and held that summary judgment would be appropriate even if such complaint had been filed. Because the district court's grant of summary judgment is affirmed, a remand regarding plaintiffs' motion to amend would constitute a waste of judicial resources. See Halbert v. City of Sherman, 33 F.3d 526, 530 (5th Cir. 1994)(a denial of a motion to amend when a remand would be a waste of judicial resources should be affirmed).

Accordingly, the district court's judgment is AFFIRMED.