# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 00-20742
Summary Calendar

---

CORA DORSEY, Individually and as next friend
of Reginald Dorsey, Deceased; as next friend of
Impress Reginae Dorsey, a minor child of the
decedent; TRINNIS CURTEZ DURANT; DEILASHEUN
RICHARDSON, as next friend of Dejenai Vallier,

Plaintiffs-Appellants,

versus

GERALD A. GOINES, City of Houston
Police Officer; CITY OF HOUSTON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2086

---

June 12, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Cora Dorsey, Deilasheun Richardson as next friend of the Dejenai Vallier, and Trinnis Durant

filed a civil rights complaint alleging that Officer Gerald Goines and the City of Houston had violated

Reginald Dorsey's civil rights. The district court dismissed one of the claims against the City of

Houston and granted summary judgment in favor of the defendants on the remaining claims.

Plaintiffs argue that the district court abused its discretion in granting the defendants' motions

to exclude their expert. Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990). The plaintiffs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were given ample time to cure the defect in their disclosure of their expert after the defect in the disclosure was identified in the defendants' motion to exclude. Considering all of the relevant factors, the district court did not abuse its discretion by excluding the expert. See Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989); Fed. R. Civ. P. 26(a)(2)(B) (requiring a signed, written report by the designated expert witness.

Plaintiffs argue that the district court erred in dismissing one of their claims under Fed. R. Civ. P. 12(b)(6). This argument is deemed abandoned due to the plaintiffs' failure to brief this issue adequately. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Fed. R. App. P. 28(a)(9)(A)

We review the grant of summary judgment de novo. See Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993). The only specific argument raised by the plaintiffs is that they had no need to proved a genuine issue for trial because the defendants had not met their burden of showing that there was no genuine issue. "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence" in order to meet the initial burden for summary judgment. Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994). As the plaintiffs have conceded that their entire case was based on the excluded expert witness, the plaintiffs have not shown that there is a genuine issue for trial.

AFFIRMED.