IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30103
Summary Calendar
_____

JERRY L. ROBINETT,

Plaintiff-Appellant,

versus

DELGADO COMMUNITY COLLEGE; LOUISIANA COMMUNITY AND TECHNICAL
COLLEGE SYSTEM; UNIVERSITY OF LOUISIANA SYSTEM,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2545-T
- - - - - - - - - -
August 31, 2001

Before JOLLY, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry L. Robinett appeals from the district court's grant of summary judgment for the defendants. He argues that: (1) Delgado Community College's policy for the 1994-1995 school year regarding satisfactory academic progress violated federal law; (2) he had a property right in the receipt of federal Pell Grant benefits; (3) he was not given adequate process when such benefits were denied to him; (4) the district court erred by assuming that unnamed state employees, whom Robinett sought to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

add to his complaint, were being sued only in their official capacities; (5) the district court erred by holding that he failed to cite sufficient evidence for his conspiracy claim; (6) his conspiracy claim was not prescribed; and (7) the district court erred by holding that his motion to supplement was dilatory or futile. Although Robinett indicated on his notice of appeal that he sought to appeal the denial of his FED. R. CIV. P. 59(e) motion, he has abandoned such issue by failing to challenge the denial on appeal. See Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993). Similarly, because he has failed to challenge the district court's holdings that the named defendants are immune from the instant lawsuit and that his 42 U.S.C. § 1983 claims based on incidents from the 1994-1995 school year were prescribed, he has abandoned such issues on appeal. See id.

This court reviews a grant of summary judgment de novo. See Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993). Summary judgment is appropriate when, considering all of the admissible evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

As Robinett has failed to establish that he a constitutionally-protected right in the receipt of federal Pell Grant benefits, he has failed to establish a due process claim. See Bryan v. City of Madison, Miss., 213 F.3d 267, 274-75 (5th Cir. 2000), cert. denied, 121 S. Ct. 1081 (2001). Furthermore,

he failed to provide sufficient evidentiary support to show the existence of a conspiracy or that such conspiracy affected his constitutional rights.

Accordingly, the district court's judgment is AFFIRMED.