```
             IN THE UNITED STATES COURT OF APPEALS
                    FOR THE FIFTH CIRCUIT

                   _____

                       No. 02-30562
                     Summary Calendar
                   _____


            RONALD MOSS, on behalf of Bobby Moss;
           MADELINE MOSS, on behalf of Bobby Moss,

                                     Plaintiffs-Appellants,

                          versus


   CLARA D CARRIER, Individually & in her capacity as a member of
   the Iberia Parish School Board; ROBBIE J. LEBLANC, Individually
   & in his capacity as a member of the Iberia Parish School Board;
   EDWIN J. BUFORD, Individually & in his capacity as Iberia Parish
      School Board member; BLAINE A. MECHE, Individually & in his
   capacity as a member of the Iberia Parish School Board; ISABELLA
   COLLINS, Individually & in her capacity as a member of the Iberia
        Parish School Board; MARY B. DAVIS, Individually & in her
   capacity as a member of the Iberia Parish School Board; BETTY L.
      VOORHIES, Individually & in her capacity as a member of the
   Iberia Parish School Board; KAY B. MARCEL, Individually & in her
   capacity as a member of the Iberia Parish School Board; MARY FAY
     L. FRESHLEY, Individually & in her capacity as a member of the
   Iberia Parish School Board; RITA M. HOLMES, Individually & in her
   capacity as a member of the Iberia Parish School Board; DANNY D.
   SEGURA, Individually & in his capacity as a member of the Iberia
    Parish School Board; CHARLES G. SANDERS, II, Individually & in
      his capacity as a member of the Iberia Parish School Board;
   EUGENE BAUDRY, Individually & in his capacity as Superintendent
   of the Iberia Parish School Board; JEAN REAUX, Individually & in
      his capacity as employee for the Iberia Parish School Board;
   SCHOOL BOARD OF IBERIA PARISH; JOHN KILGORE, Individually & in
      his capacity as employee of the Iberia Parish School Board;
     WOODROW C. GONDRON, JR., Individually & in his capacity as a
     member of the Iberia Parish School Board, also known as Dro
   Gondron, Jr., JESSIE J. MCDONALD, Individually & in his capacity
   as a member of the Iberia Parish School Board, also known as Jay
                         McDonald,

                                     Defendants-Appellees.
```

--------------------------------
LUCILLE VENTURA, on behalf of Jose Ventura,

                                    Plaintiff-Appellant,
                    versus

CLARA D. CARRIER, Individually & in her capacity as a member of
the Iberia Parish School Board; ROBBIE J. LEBLANC, Individually
& in his capacity as a member of the Iberia Parish School Board;
EDWIN J. BUFORD, Individually & in his capacity as Iberia Parish
 School Board member; BLAINE A. MECHE, Individually & in his
capacity as a member of the Iberia Parish School Board; ISABELLA
COLLINS, Individually & in her capacity as a member of the Iberia
   Parish School Board; MARY B. DAVIS, Individually & in her
capacity as a member of the Iberia Parish School Board; BETTY L.
   VOORHIES, Individually & in her capacity as a member of the
Iberia Parish School Board; KAY B. MARCEL, Individually & in her
capacity as a member of the Iberia Parish School Board; MARY FAY
 L. FRESHLEY, Individually & in her capacity as a member of the
Iberia Parish School Board; RITA M. HOLMES, Individually & in her
capacity as a member of the Iberia Parish School Board; DANNY D.
SEGURA, Individually & in his capacity as a member of the Iberia
 Parish School Board; CHARLES G. SANDERS, II, Individually & in
  his capacity as a member of the Iberia Parish School Board;
 EUGENE BAUDRY, Individually & in his capacity as Superintendent
of the Iberia Parish School Board; JEAN REAUX, Individually & in
  his capacity as employee for the Iberia Parish School Board;
SCHOOL BOARD OF IBERIA PARISH; JOHN KILGORE, Individually & in
  his capacity as employee of the Iberia Parish School Board;
  WOODROW C. GONDRON, JR., Individually & in his capacity as a
  member of the Iberia Parish School Board, also known as Dro
Gondron, Jr; JESSIE J. MCDONALD, Individually & in his capacity
as a member of the Iberia Parish School Board, also known as Jay
                           McDonald,

                                    Defendants-Appellees.

                    --------------------
            Appeal from the United States District Court
                for the Western District of Louisiana
                 USDC Nos. 01-CV-1806 & 01-CV-1807
                    --------------------
                       January 17, 2003

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Ronald and Madeline Moss and Lucille Ventura (hereinafter referred to as "Plaintiffs") appeal from the district court's grant of summary judgment for the defendants regarding the plaintiffs' respective and consolidated lawsuits filed under 42 U.S.C. § 1983. The plaintiffs alleged that the defendants violated the Due Process Clause by removing the plaintiffs' respective children from their summer school sessions. This court reviews a grant of summary judgment de novo. See Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993).

Ventura brought a previous action based on the same instant facts in Louisiana state courts, which was denied. The instant claims presented by Ventura are therefore barred under the doctrine of res judicata. See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir. 1994). Summary judgment was properly granted to the defendants as to Ventura's claims.

Assuming without deciding that the Due Process Clause is applicable to a summer school session, the evidence shows that Bobby Moss received the requisite notice and opportunity to be heard before she was removed from summer school. See Goss v. Lopez, 419 U.S. 565, 581-84 (1975). Because there was no due

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process violation, summary judgment was properly granted for the defendants as to Moss's claims.  Accordingly, the district court's judgment is AFFIRMED.

AFFIRMED.