**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 7, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 02-10444
Summary Calendar

——————————————

CARNELL C. ROLLINS,

                                        Plaintiff-Appellant,

versus

MELVIN LEWIS, Parole Supervisor for Texas Board of Pardons and
Paroles in his Individual and Official Capacity; GLENDA SMITH,
Parole Supervisor for Texas Board of Pardons and Paroles in her
Individual and Official Capacity; RICHARD A. GREER, JR., Parole
Officer for Texas Board of Pardons and Paroles in his Individual
and Official Capacity; TEXAS BOARD OF PARDONS & PAROLES; GLEN
HUBBARD, Parole Officer in his Individual and Official Capacity;
DAVID ROGERS, Parole Officer in his Individual and Official
Capacity; NFN NGUYEN, Officer, Parole Officer for Texas Board of
Pardons & Paroles in his Individual and Official Capacity; GREG
THOMPSON, Psychological Counselor for Texas Board of Pardons and
Paroles in his Individual and Official Capacity; BILLY LINSON,
Director of Region #1 for Texas Board of Pardons and Paroles in
his Individual and Official Capacity; VICTOR RODRIQUEZ, Chairman
for Texas Board of Pardons and Paroles in his Individual and
Official Capacity; VERONICA BALLARD, Director of Texas Department
of Criminal Justice Parole Division in her Individual and
Official Capacity; WAYNE SCOTT, Executive Director of Texas
Department of Criminal Justice,

                                        Defendants-Appellees.

——————————————
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-98-BF-M
——————————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

————————————

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Carnell Carnelious Rollins appeals from the grant of summary judgment for defendants Melvin Lewis, Richard A. Greer, Jr., Billy Linson, and Wayne Scott regarding Rollins's civil-rights complaint, filed pursuant to 42 U.S.C. § 1983, alleging that the defendants had violated his constitutional rights and seeking monetary and injunctive relief. Rollins has not shown that the district court erred by accepting his appointed counsel's withdrawal of claims against defendant Victor Rodriguez and against Scott, except to the extent that Scott may have been required to be present before the court to carry out the requested injunctive relief. Furthermore, Rollins has waived any challenge to the district court's dismissal of the remaining defendants by failing to raise such challenge on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Rollins has also filed a motion seeking an injunction from this court preventing the defendants from treating him as a sex offender pending resolution of this appeal. That motion is DENIED.

This court reviews a grant of summary judgment de novo. See Green v. Touro Infirmary, 992 F.2d 537, 538 (5th Cir. 1993). Summary judgment is appropriate when, considering all of the admissible evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to

R. 47.5.4.

judgment as a matter of law.  See FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

The defendants argue that Rollins's claims against them are barred by the applicable two year statute of limitations. Because Rollins's continued classification as a sex offender was an ongoing event that continued within the applicable limitations period, his claims are not barred by limitations.  See Interamericas Investments, Ltd. v. Board of Governors of the Fed. Reserve Sys., 111 F.3d 376, 382 (5th Cir. 1997).

Rollins asserts that he has a liberty interest against being labeled a sex offender and required to meet special mandatory supervision conditions for sex offenders.  In support of this argument, Rollins cites to Vitek v. Jones, 445 U.S. 480 (1980), Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999), and Chambers v. Colorado Dep't of Corr., 205 F.3d 1237 (10th Cir. 2000). Although the Eleventh Amendment bars Rollins's claims for monetary relief against the defendants in their official capacities, see Washington Legal Found. v. Texas Equal Access to Justice Found., 94 F.3d 996, 1005 n.52 (5th Cir. 1996), it does not bar his official-capacity claims for injunctive relief.  See Ex Parte Young, 209 U.S. 123, 149-60 (1908).  Because only the Supreme Court's holding in Jones had been issued at the time of the defendants' challenged actions and the liberty interest claimed by Rollins was not clearly established by Jones, the

defendants are protected in their individual capacities from Rollins's claims for monetary relief.  See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985); Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994); see also Chambers, 205 F.3d at 1244; Neal, 131 F.3d at 832.  However, Rollins's claims seeking injunctive relief against the defendants in both their official and individual capacities remain cognizable.

In 1968, regarding a charge of fondling a female child with lascivious intent, Rollins pleaded guilty, stipulated to the evidence against him, and waived his right to a criminal trial. Thus, even if it is assumed that Rollins had his claimed liberty interest under the cases to which he cites for support, he has failed to show that he did not receive the minimum procedural due process warranted for deprivation of that liberty interest.  See Jones, 445 U.S. at 494-95; see also Neal, 131 F.3d at 830-31.

Accordingly, the district court's judgment is AFFIRMED.

MOTION DENIED; JUDGMENT AFFIRMED.